**BATES et al. v. BATTE et al.**

No. 13215.

United States Court of Appeals
Fifth Circuit.

Feb. 15, 1951.

United States ex rel. Wiczynski v. Shaughnessy, 2 Cir., 185 F.2d 347.

Constance Baker Motley, Robert L. Carter, Thurgood Marshall, New York City, James A. Burns, Meridian, Miss., for appellants.

Rufus Creekmore, Jackson, Miss., Geo. H. Ethridge, John M. Kuykendhall, Jr., Asst. Attys. Gen., E. W. Stennett, Jackson, Miss., for appellees.

Before HUTCHESON, Chief Judge, and McCORD and RUSSELL, Circuit Judges.

PER CURIAM.

This appeal presents two questions for our decision. One of them arises upon appellees' motion to dismiss the appeal for want of jurisdiction in this court because it was not taken in accordance with law. The other goes to the merits of the appeal.

They come up in this way. Brought as a class suit by a negro school teacher with another intervening, the suit was to restrain the defendants, the Superintendent and members of the Board of Trustees, from fixing and maintaining, on the basis of color or race, lower teacher salary schedules for negro, than for white, teachers.

The defendants moved to dismiss, because the state was an indispensable party and because plaintiffs had not first exhausted their administrative remedies provided by Mississippi administrative statutes governing education and controverises arising in and about schools. This moton denied, and, defendants having answered, their motion for summary judgment was denied, and the cause proceeded to trial on the merits.

After the case had been tried, but before it was decided below this court, in Cook v. Davis, 5 Cir., 178 F.2d 595, a negro school teacher salary case appealed from the Atlanta Division of the Northern District of Georgia, held, in a thoroughly considered and carefully reasoned opinion, that until plaintiffs had exhausted their administrative remedies provided by Georgia laws governing education and controversies arising under school laws, they could not maintain their suit.

The district judge, of the opinion: that the administrative remedies relating to controversies under school laws set up by the State of Mississippi are substantially the same as those set up by the State of Georgia; that the decision in the Cook case was therefore controlling; and that the present suit could not be maintained until the available remedies provided by state law had not been first exhausted; said so in an opinion filed February 22, 1950. A judgment dismissing the complaint without prejudice was entered March 22, 1950.

On March 20, 1950, before the judgment of dismissal had been filed, plaintiffs gave notice of appeal "from the judgment of the court entered on the 22nd day of February, 1950, in favor of defendants above named against plaintiffs".

Here, appellees, calling our attention to the fact that appellants gave notice of appeal not from the judgment but from the opinion, and that their notice of appeal was given two days before the judgment was filed, urge upon us that the appeal must be dismissed: (1) because not taken from a final judgment but only from an opinion; and (2) because, if it could be said that it was taken from the judgment, it was premature because filed before the judgment was entered.

Appellants, invoking the uniform tenor of the decisions of this court,[1] urge upon us that appellees' objections go not to defects in the substance of appeal procedure but in the form of it, and, by a uniform course of decision, this court has denied motion to dismiss appeals based upon such objections.

While the matter is certainly not wholly free from doubt, we are of the opinion: that the defects in the appeal are not sufficiently substantial to deprive us of jurisdiction; and that, in accordance with the

[1]. Milton v. U. S., 5 Cir., 120 F.2d 794; Wilson v. Southern Ry. Co., 5 Cir., 147 F.2d 165; Morrow v. Wood, 5 Cir., 126 F.2d 1021, 1022; Crump v. Hill, 5 Cir., 104 F.2d 36; Fahs v. Merrill, 5 Cir., 142 F.2d 651.

generally established practice of this court, the motion to dismiss should be, denied.

On the merits, appellants and appellees vie with each other in their efforts to point out, the one, the dissimilarities, the other, the similarities in the Georgia and Mississippi statutes governing education and school matters in the respective states.

Without undertaking, as the parties have done in their briefs, to set these statutes out, or to draw attention, as the district judge has done, to the features of similarity controlling his decision, it is sufficient for us to say that we regard the case of Cook v. Davis as thoroughly considered and well decided and that the statutes of the two states are sufficiently alike to make the decision in Cook's case dispositive of the appeal.

The judgment of dismissal for failure to exhaust administrative remedies was right, It is

Affirmed.