Othal L. TURNER and On-The-Town, Inc., d/b/a Atlanta's Playboy Club, Appellants,

v.

HMH PUBLISHING CO., Inc., et al., Appellees.

No. 21027.

United States Court of Appeals Fifth Circuit.

Feb. 7, 1964.

Henry M. Hatcher, Jr., Hatcher & Irvin, Atlanta, Ga., for appellants.

Milton I. Shadur, Chicago, Ill., Hoke Smith, Atlanta, Ga., R. Howard Goldsmith, Chicago, Ill., Herbert A. Ringel, Atlanta, Ga., Smith, Field, Ringel, Martin & Carr, Atlanta, Ga., Devoe, Shadur, Mikva & Plotkin, Schneider, Dressler, Goldsmith & Clement, Chicago, Ill., of counsel, for appellees.

Before RIVES, WISDOM and BELL, Circuit Judges.

PER CURIAM.

On consideration of the motion of the appellees to dismiss the appeal, it appears that on the 13th day of September 1963 the district court granted an interlocutory injunction against the appellants and that this Court has jurisdiction of an appeal from that order under 28 U.S.C.A. § 1292. On September 19 the defendants, appellants, filed in the district court a motion to amend said judgment and a brief in support of that motion. On the same day they filed a notice of appeal. On October 17 the court entered an order amending the order granting an interlocutory injunction. No subsequent notice of appeal was filed.

The appellants concede that if this appeal were from a final decision under 28 U.S.C.A. § 1291, then the time for appeal prescribed by Rule 73(a), Fed.R.Civ.P., would be terminated by a timely motion under Rules 50(b), 52(b) or 59, and that the present appeal would be premature. See United States v. Crescent Amusement Co., 1944, 323 U.S. 173, 65 S.Ct. 254, 89 L.Ed. 160; Zimmern v. United States, 1936, 298 U.S. 167, 56 S.Ct. 706, 80 L.Ed. 1118; United States v. Pan American World Airways, Inc., 5 Cir. 1962, 299 F.2d 74. Appellants urge that the rule is different in the case of an appeal under section 1292 from an order granting an interlocutory injunction. Rule 52(a) is made expressly applicable to such an order and we see no reason why Rule 52(b) should not also be applicable, nor why the time for appeal prescribed by Rule 73(a) should not apply to such an order. See Lohr v. United States, 5 Cir. 1959, 264 F.2d 619, 620, 621; 3A Barron and Holtzoff, Federal Practice and Procedure, Rules Edition, sections 1552, 1553. In passing on the motion to amend the judgment, the district court was not pursuing the authority granted by Rule 62(c) to maintain the status quo pending appeal. Once an appeal is taken, jurisdiction passes to the appellate court and the district court could not thereafter amend the order appealed from without leave of the Court of Appeals, except as provided by Rule 62(c). See Ideal Toy Corporation v. Sayco Doll Corporation, 2 Cir. 1962, 302 F.2d 623, 625. By filing their motion to amend the judgment, the defendants, appellants, had taken action inconsistent with the notice of appeal subsequently filed and docketed. Under the rules, that action preserved the jurisdiction of the district court and the notice

of appeal from the order granting the interlocutory injunction was premature. This Court is without jurisdiction to entertain the appeal and the appellees' motion to dismiss is granted.