Watson W. MARKHAM, Appellant,

v.

James HOLT, Appellee.

No. 22927.

United States Court of Appeals
Fifth Circuit.

Dec. 13, 1966.

Philip D. Beall, Pensacola, Fla., for appellant.

Robert P. Gaines, Pensacola, Fla., for appellee.

Before RIVES, THORNBERRY and AINSWORTH, Circuit Judges.

THORNBERRY, Circuit Judge:

This is an appeal from an order of the district court granting a motion for summary judgment on the issue of liability in a personal injury action arising out of a collision involving appellee's automobile and a railroad motor car operated by appellant. Appellant instituted this diversity action against appellee for injuries sustained in the accident, and appellee filed a counterclaim to recover damages to his automobile. On the basis of depositions of both parties and various exhibits stipulated into evidence, appellee moved for summary judgment on appellant's claim of liability, and, similarly, appellant moved for summary judgment on appellee's counterclaim. The trial court entered an order granting both motions on the ground that each party was barred from recovery because of his contributory negligence—appellant, for failing to maintain a proper lookout and for failing to give a warning signal prior to crossing that portion of the railway tracks intersecting the highway, and appellee, for failing to maintain a proper lookout. On this appeal, appellant contends that the trial court erred in granting appellee's motion for summary judgment.[1]

I.

At the outset we must consider the contention that the appeal in this case should be dismissed because notice of appeal was filed prior to the entry of the final judgment. The opinion and order of the trial court granting both motions for summary judgment was filed July 16, 1965. Appellant filed his notice of appeal August 6, 1965, designating the "final order and/or judgment entered in the above cause on July 16, 1965." Four days thereafter, on August 10, 1965, a separate document embodying the final judgment and signed by the trial judge was filed. Under these circumstances, appellee asserts that since 28 U.S.C. § 1291 limits our appellate jurisdiction to *final decisions* of the district courts, the appeal before us must be dismissed as premature because at the date appellant

---

1. Since appellee has not taken an appeal from that portion of the judgment disposing of his counterclaim, the propriety of the trial court's summary adjudication of that issue is not before us.

filed his notice of appeal no final judgment "set forth on a separate document"[2] had been entered from which to prosecute an appeal.[3] Fully cognizant of the statutory limitations placed upon our appellate jurisdiction, we are nevertheless convinced that to entertain the instant appeal is not to exceed the permissible bounds of our jurisdictional powers.

This Court has consistently adhered to the policy of exercising all proper means to prevent the loss of valuable rights when the validity of an appeal is challenged not because something was done too late, but rather because it was done too soon. Avery v. Fischer, 5th Cir. 1966, 360 F.2d 719, 723; Carter v. Campbell, 5th Cir. 1960, 285 F.2d 68; Bates v. Batte, 5th Cir. 1951, 187 F.2d 142, 143, cert. denied, 342 U.S. 815, 72 S.Ct. 29, 96 L.Ed. 616.[4] The basic policy considerations underlying the limitation that a final judgment is a prerequisite to appealability are the excessive inconvenience and costs occasioned by piecemeal review on the one hand, and the danger of denying justice by needless delay on the other. Gillespie v. United States Steel Corp., 1964, 379 U.S. 148, 152–153, 85 S.Ct. 308, 311, 13 L.Ed.2d 199, 203; In re Forstner Chain Corp., 1st Cir. 1949, 177 F.2d 572, 575. The purpose of requiring the filing of a timely notice of appeal is to advise the opposing party that an appeal is being taken from a specific judgment, and such notice should therefore contain sufficient information so as not to prejudice or mislead the appellee. Wilson v. Southern Ry., 5th Cir. 1945, 147 F.2d 165. The assumption of jurisdiction in the instant case, we are convinced, does not violate the spirit of the final-judgment rule nor the notice-of-appeal requirements. This Circuit has long been committed to the rule that where, as in the instant case, it is obvious that the overriding intent was effectively to appeal, and no prejudice will result to the appellee, we are justified in treating the appeal as from a final judgment. See United States v. Stromberg, 5th Cir. 1955, 227 F.2d 903, 904; Atlantic Coast Line Ry. v. Mims, 5th Cir. 1952, 199 F.2d 582, 583, accord, Donovan v. Esso Shipping Co., 3d Cir. 1958, 259 F.2d 65, cert. denied, 1959, 359 U.S. 907, 79 S.Ct. 583, 3 L.Ed.2d 572. Here, the final judgment embodying the trial court's order was filed four days subsequent to appellant's notice of appeal. This being the only judgment rendered in the case, there could be no misunderstanding as to the nature of the judgment being appealed from.[5] The notice of appeal filed on August 6 was still on file on August 10 when the document embodying the final judgment was filed and gave ample notice, after that date as well as before, of the specific judgment being challenged. In a criminal case involving a similar premature appeal, the Supreme Court has ruled that such irregularity is governed by Rule 52(a), which provides "Any error, defect, irregularity or variance which does not affect substantial rights

2. As required by the amendment to F.R. Civ.P. 58, effective July 1, 1963.

3. The rules clearly provide that in controversies of this nature "the time within which an appeal may be taken shall be 30 days from the *entry of the judgment appealed from * * *.*" F.R. Civ.P. 73(a). (Emphasis added.)

4. In *Bates*, appellants gave notice of appeal from the opinion of the trial court which was rendered two days prior to the entry of the final judgment. Notwithstanding appellees' contention that the appeal was not taken from a final judgment and was premature, the Court ruled that "the defects in the appeal are not sufficiently substantial to deprive us of jurisdiction * * *." 187 F.2d at 143.

5. This is not a case wherein one of the parties filed a motion to alter or amend a judgment previously entered pursuant to F.R.Civ.P. 59(e) or to amend or make additional findings of fact pursuant to F.R.Civ.P. 52(b), the effect of which would be to suspend the running of the time for appeal and effectively remove the finality of the original judgment. See F.R.Civ.P. 73(a).

shall be disregarded." Lemke v. United States, 1953, 346 U.S. 325, 74 S.Ct. 1, 98 L.Ed. 3. In reaching the conclusion that the defect in the instant appeal is not sufficiently substantial to deprive us of jurisdiction, we would be amiss in failing to urge strongly that in future cases involving premature action of this character another appeal should be perfected after entry of the formal judgment within the time allowed by law. See Moore, Federal Practice and Procedure ¶ 52.11 (3), at 2689. With regard to the instant appeal, however, "it is too late in the day and entirely contrary to the spirit of the Federal Rules of Civil Procedure for decisions on the merits to be avoided on the basis of such mere technicalities. * * * The Rules themselves provide that they are to be construed 'to secure the just, speedy, and inexpensive determination of every action.' Rule 1." Foman v. Davis, 1962, 371 U.S. 178, 181, 83 S.Ct. 227, 230, 9 L.Ed.2d 222, 225; see Bros Inc. v. W. E. Grace Mfg. Co., 5th Cir. 1963, 320 F.2d 594, 601; Keohane v. Swarco, Inc., 6th Cir. 1963, 320 F.2d 429. Accordingly, we will proceed to the merits of this controversy.

## II.

On the date of the accident in controversy appellant was employed as a foreman by the St. Louis-San Francisco Railroad, his duty being that of patrolling tracks on the Company's line and keeping them in good repair. About 7:20 in the morning he and another employee were proceeding in a northerly direction on the main line in a "motor car," having left the railroad yard in Pensacola at about 7:00 A.M. to inspect the tracks. The "motor car" was approximately six feet long, four and one-half feet wide, and five feet in height. The sides were open and the entire vehicle was painted a bright yellow. Appellant was stationed at the left rear of the vehicle and operating it. The speed was controlled by a lever which regulated the pressure on a belt joining the motor and the axle. According to normal procedure, appellant was to patrol the left side of the track and the other employee was to patrol the right. As the vehicle approached a crossing where the tracks intersected Massachusetts Avenue at a ninety-degree angle, appellant brought the vehicle to a complete stop and looked in both directions. The record reveals that there was nothing to obstruct vision in either direction. Appellant testified that when he looked down the road to his left no automobile was in sight, and he then proceeded slowly onto the portion of the tracks which intersected Massachusetts Avenue. The motor car was "out in the crossing" traveling at a speed of five to ten miles an hour when appellant first became aware of appellee's automobile approaching from the left, traveling at a speed of about fifty miles an hour according to appellant. In contrast, appellee testified that he was traveling somewhere in the neighborhood of twenty miles an hour as he approached the crossing and that before proceeding he reduced his speed and looked both ways to ascertain whether a train was approaching. In testifying that the vehicles had collided by the time he saw the motor car, appellee stated, "I looked both ways, and evidently he must have been right behind a corner post in my automobile, otherwise, I would have seen him, and of course when I looked back straight in front of me, we collided." In granting summary judgment in favor of appellee on the issue of liability, the trial court reasoned that

> It is undisputed from the testimony of the plaintiff and defendant, the only two witnesses to this accident, that neither one of them maintained a proper lookout; that this mutual failure to maintain such proper lookout at this intersection, and the failure to give warning signal on the part of the plaintiff proximately contributed to the collision. The failure of the plaintiff railroad motor car operator to give any warning at all of his approach in crossing a road used by automobiles clearly establishes his contributory

negligence which bars, under the Florida law, his recovery on his case in chief.

 Under the circumstances, we conclude that the trial court erred. Viewing the facts in a light most favorable to appellant, we are of the opinion that reasonable men, as triers of fact, might well have reached a different conclusion with regard to the issue of liability. The trial judge apparently concluded that appellant's failure to give a warning signal before proceeding across the intersection constituted contributory negligence as a matter of law, thus barring his recovery. The court was apparently also of the opinion that the facts indicated without dispute that each party failed to maintain a proper lookout. The only evidence bearing on the issue of proper lookout, however, was the undisputed statement of each party that he did in fact maintain a proper lookout. In light of such testimony, it plainly cannot be said that reasonable minds could have only concluded that both parties failed to maintain a proper lookout. The issue of whether one, both, or neither of the parties failed to maintain a proper lookout was ultimately one of credibility to be reconciled by the trier of fact. Neither have we discovered any provision of Florida law imposing an affirmative duty upon the operator of a railway motor car to give a warning signal upon approaching an automobile crossing.[6] Moreover, even if such statutory duty did exist, under Florida law a statutory violation does not constitute negligence per se, but only prima facie evidence of negligence to be considered with all other facts and circumstances surrounding the incident. E. g., Allen v. Hooper, 1936, 126 Fla. 458, 171 So. 513, 516; Michalski v. Peaslee, Fla.Ct.App.1965, 174 So.2d 427. In short, under the facts of this case, a jury might have reasonably reached the conclusion that appellant had done everything that a prudent person was required to do under the circumstances. Accordingly, we reverse the judgment and remand to the district court for further proceedings not inconsistent with this opinion.

---

6. Fla.Stat.Ann. § 351.03, F.S.A., provides that in all incorporated cities and towns the bell on an *engine* should be rung before crossing any street. Fla.Stat.Ann. § 320.47, F.S.A., in effect on the date of the accident in controversy, but since repealed, provides that every railroad *locomotive* shall be equipped with a suitable whistle which shall be blown before reaching a crossing.