Robert P. STOKES, Plaintiff-Appellant,

v.

PEYTON'S INC., and Travco Plastics Company, Inc., Defendants-Appellees.

No. 74-3290.

United States Court of Appeals,
Fifth Circuit.

Feb. 13, 1975.

Foy R. Devine, Thomas J. Hughes, Jr., Atlanta, Ga., for plaintiff-appellant.

John A. Sherrill, Atlanta, Ga., for Peyton Inc.

Neely, Freeman & Hawkins, Atlanta, Ga., for Travco Plastics Co., Inc.

J. Bruce Welch, William Q. Bird, Eugene G. Partain, Daniel M. Coursey, Jr., Atlanta, Ga., for defendants-appellees.

Before BROWN, Chief Judge, and GODBOLD and GEE, Circuit Judges.

GODBOLD, Circuit Judge.

One of the two appellees, Peyton's Inc., has filed a motion to dismiss the appeal on the ground notice of appeal was not timely filed.

This is the sequence of events:

July 18 [1974]: judgment entered in favor of appellees.

July 29: appellant filed motion for new trial.

August 13: with motion for new trial pending, appellant filed notice of appeal.

September 17: motion for new trial denied.

September 24: appellant paid his filing fee to this court.

December 9: appellant's brief [printed] filed.

January 10: appellee Peyton filed its brief [printed] and motion to dismiss the appeal.

January 13: appellee Travco filed its brief [printed].

The argument of appellee Peyton's Inc. runs this way: (a) notice of appeal was required to be filed within 30 days of entry of judgment appealed from, Rule 4(a), F.R.Civ.P.; (b) during the time a motion for new trial is pending the running of time for appeal is suspended, and the judgment is not final and thus not appealable until the motion is ruled on. Rule 59; 9 J. Moore, Federal Practice ¶ 110.08 [3], at 120; (c) since premature, the appeal sought to be taken on August 13 is a nullity. Turner v. HMH Publishing Co., 328 F.2d 136 (CA 5, 1964); Stevens v. Turner, 222 F.2d 352, 354 (CA 7, 1955); Studer v. Moore, 153 F.2d 902 (CA 2, 1946); (d) no notice of appeal was filed within 30 days of September 17. Thus this court lacks jurisdiction of the appeal.

The per curiam opinion in Turner v. HMH supports appellee's motion. But we think the correct rule is that of the later and carefully considered opinion by Judge Thornberry in Markham v. Holt,

369 F.2d 940 (CA 5, 1966).[1] In that case the court entered an order granting motions for summary judgment on July 16. Appellant filed notice of appeal on August 6, noticing appeal from the July 16 "final order and/or judgment." On August 10 the court by separate document filed the actual judgment. We held:

> This Court has consistently adhered to the policy of exercising all proper means to prevent the loss of valuable rights when the validity of an appeal is challenged not because something was done too late, but rather because it was done too soon. Avery v. Fischer, 5th Cir. 1966, 360 F.2d 719, 723; Carter v. Campbell, 5th Cir. 1960, 285 F.2d 68; Bates v. Batte, 5th Cir. 1951, 187 F.2d 142, 143, cert. denied, 342 U.S. 815, 72 S.Ct. 29, 96 L.Ed. 616. The basic policy considerations underlying the limitation that a final judgment is a prerequisite to appealability are the excessive inconvenience and costs occasioned by piecemeal review on the one hand, and the danger of denying justice by needless delay on the other. Gillespie v. United States Steel Corp., 1964, 379 U.S. 148, 152–153, 85 S.Ct. 308, 311, 13 L.Ed.2d 199, 203; In re Forstner Chain Corp., 1st Cir., 1949, 177 F.2d 572, 575. The purpose of requiring the filing of a timely notice of appeal is to advise the opposing party that an appeal is being taken from a specific judgment, and such notice should therefore contain sufficient information so as not to prejudice or mislead the appellee. Wilson v. Southern Ry., 5th Cir. 1945, 147 F.2d 165. The assumption of jurisdiction in the instant case, we are convinced, does not violate the spirit of the final-judgment rule nor the notice-of-appeal requirements. This Circuit has long been committed to the rule that where, as in the instant case, it is obvious that the overriding intent was effectively to appeal, and no prejudice will result to the appellee, we are jus-

tified in treating the appeal as from a final judgment. See United States v. Stromberg, 5th Cir. 1955, 227 F.2d 903, 904; Atlantic Coast Line Ry. v. Mims, 5th Cir. 1952, 199 F.2d 582, 583, accord, Donovan v. Esso Shipping Co., 3d Cir. 1958, 259 F.2d 65, cert. denied, 1959, 359 U.S. 907, 79 S.Ct. 583, 3 L.Ed.2d 572.

369 F.2d at 942. In similar contexts the Ninth Circuit has reached the same result in a series of cases. Firchau v. Diamond National Corp., 345 F.2d 269 (CA 9, 1965); Ruby v. Secretary of United States Navy, 365 F.2d 385 (CA 9, 1966); Curtis Gallery & Library, Inc. v. United States, 388 F.2d 358 (CA 9, 1967); Eason v. Dickson, 390 F.2d 585 (CA 9, 1968). As Judge Thornberry wrote in *Markham,* the provision that the Rules be construed "to secure the just, speedy, and inexpensive determination of every action", Rule 1, F.R.Civ.P., requires that a defect such as this be treated as too insubstantial to deprive us of jurisdiction. "[I]t is too late in the day and entirely contrary to the spirit of the Federal Rules of Civil Procedure for decisions on the merits to be avoided on the basis of such mere technicalities." Foman v. Davis, 371 U.S. 178, 181, 83 S.Ct. 227, 230, 9 L.Ed.2d 222, 225 (1962). The per curiam in Turner v. HMH neither referred to nor gave effect to these policies. As between it and *Markham,* we think that we are required to follow the latter. See also 9 J. Moore, Federal Practice ¶ 204.14 at 983:

> These cases [*Markham* and the Ninth Circuit cases] make it clear that an appeal should not be dismissed because it was technically premature if in fact an appealable judgment or order was rendered below, the appellant clearly manifested his intent to appeal from it and the prevailing party below can show no prejudice resulting from the prematurity of the notice.

There is no prejudice shown in this instance.

The motion is denied.

---

1. *Markham* does not refer to *Turner.*