Ellis WILLIAMS, Plaintiff–Appellant,

v.

William F. BOLGER, Postmaster General et al., Defendants–Appellees.

No. 79–3733
Summary Calendar.

United States Court of Appeals,
Fifth Circuit.

Dec. 22, 1980.

William F. Rucker, Decatur, Ga., for plaintiff–appellant.

William Bolger, Postmaster Gen. et al., Myles E. Eastwood, Asst. U. S. Atty., Atlanta, Ga., John G. Hollingsworth, Jr., Asst. Regional Labor Counsel, U. S. Postal Service, Memphis, Tenn., for defendants–appellees.

Before HILL, GARZA and THOMAS A. CLARK, Circuit Judges.

GARZA, Circuit Judge:

■ The procedural history of this litigation confronts us with a jurisdictional question we have noticed *sua sponte* : is a notice of appeal from a District Court order which is filed during the pendency of a Fed.R. Civ.P. 59(e) motion to reconsider that order a nullity under Fed.R.App.P. 4(a)(4)? In explaining our affirmative answer to this question, we begin with the axiom that a valid notice of appeal is a jurisdictional prerequisite to review by this court. *See* Fed.R.App.P. 3; *Lindsey v. Perini*, 409 F.2d 1341 (6 Cir. 1979); *Blitzstein v. Ford Motor Company*, 288 F.2d 738 (5 Cir. 1961).

Appellant Ellis Williams was terminated as a postal service employee on June 6, 1978. On May 4, he had received a "Notice of Charges–Removal" setting out the justification for his dismissal. It recited that on April 24, he had been reprimanded by a superior for excessive talking and had then become abusive, receiving a five–day suspension. The notice further alleged that on May 3, Williams threatened to shoot the supervisor after blocking his car in a parking lot.

Williams appealed his dismissal to the Federal Employee's Appeal Authority, and a hearing was held. He denied having behaved in the manner described, and presented witnesses whose testimony rebutted the supervisor's allegations. Also introduced was evidence that Williams had been suspended in 1974 for threatening a supervisor. The appeals authority affirmed Williams' discharge, choosing not to credit the version offered by him or his witnesses.

Williams then filed suit in District Court to challenge the Board's affirmance, pursuant to 5 U.S.C. § 701. His complaint asserted (1) that the evidence presented at the hearing was insufficient to sustain his dismissal, (2) that the appeals officer "failed to conduct the hearing in a quasi–judicial manner," and (3) that the charges, if established, were insufficient to justify a dismissal. Williams sought an order of reinstatement as well as money damages to compensate him for injury to his reputation and for mental suffering.

The defendants moved for summary judgement and, on April 30, 1979, their motion was granted. After noting that Williams had filed no opposition to the motion, the District Court held that "no apparent violations of the applicable standards" were disclosed by its review of the record. On May 30, assisted by new counsel, Williams moved the court to vacate its judgement "pursuant to [Fed.R.Civ.P.] 60(1)(6)." It was contended that his former counsel's negligence in "not filing a timely response to the government's motion would cause a miscarriage of justice unless the court relieved him of the effect thereof."

The District Court entered an order denying the motion to vacate on July 17th. On July 26, the plaintiff timely served a motion for reconsideration "pursuant to [Fed.R. Civ.P.] 59(e)," asking the court to reconsider "its order of July 18, [sic] 1979." In support of this motion, he merely pointed out that the judgement of April 30th had not specifically addressed his contentions that he was neither given proper notice before discharge, nor notified of all the reasons for the discharge. On September 13, while the motion for reconsideration was pending,

Williams filed a notice of appeal from the denial of his motion to vacate the judgement entered for the defendants.[1] The motion for reconsideration of that decision was not denied until November 7th.

On this appeal, Williams complains of the failure of the District Court to find (1) that his notice of removal did not satisfy the thirty–day requirement of 5 U.S.C. § 7512(b)(1), (2) that the notice did not comport with the specificity requirements of that provision, and (3) that the decision of the appeals authority was arbitrary and capricious.

■ We do not reach the merits, for we find Williams' notice of appeal to be invalid under Fed.R.App.P. 4(a)(4) as amended in 1979:

(4) If a timely motion under the Federal Rules of Civil Procedure is filed in the district court by any party: (i) for judgment under Rule 50(b); (ii) under Rule 52(b) to amend or make additional findings of fact, whether or not an alteration of the judgment would be required if the motion is granted; (iii) under Rule 59 to

alter or amend the judgment; or (iv) under Rule 59 for a new trial, the time for appeal for all parties shall run from the entry of the order denying a new trial or granting or denying any other such motion. A notice of appeal filed before the disposition of any of the above motions shall have no effect. *A new notice of appeal must be filed within the prescribed time measured from the entry of the order disposing of the motion as provided above.* No additional fees shall be required for such filing. [Emphasis added].

This version, effective approximately six months before Williams filed his notice of appeal, clearly provides that the listed motions under the Federal Rules of Civil Procedure will toll the running of time for appeal, and that a notice of appeal filed before the disposition of any such motion must be treated as void. By the inflexibility of its language, the amendment effectively overrules several previous decisions of this court which suggested that a premature filing could be excused under certain circumstances.[2] It is equally clear that a

---

1. William's notice of this appeal read as follows:

PETITION FOR APPEAL

ELLIS WILLIAMS, hereby appeal the Motion of denial of July 18, 1979.

We will treat this filing as a notice of appeal from the July 17th order. *See* Fed.R.App.P. 3(c).

2. The relevant portion of Rule 4 before the 1979 Amendment read as follows:

The running of the time for filing a notice of appeal is terminated as to all parties by a timely motion filed in the district court by any party pursuant to the Federal Rules of Civil Procedure hereafter enumerated in this sentence, and the full time for appeal fixed by this subdivision commences to run and is to be computed from the entry of any of the following orders made upon a timely motion under such rules: (1) granting or denying a motion for judgment under Rule 50(b); (2) granting or denying a motion under Rule 52(b) to amend or make additional findings of fact, whether or not an alteration of the judgment would be required if the motion is granted; (3) granting or denying a motion under Rule 59 to alter or amend the judgment; (4) denying a motion for a new trial under Rule 59. A judgment or order is en-

tered within the meaning of this subdivision when it is entered in the civil docket.

Under this version of the Rule, the Court held in *Turner v. HMH Publishing Co.*, 328 F.2d 136 (5 Cir. 1964), that a notice of appeal filed during the tolled period was ineffective as premature. A subsequent decision did not follow *Turner.* The appellant in *Stokes v. Peyton's Inc.*, 508 F.2d 1287 (5 Cir. 1975) had filed his notice while a motion for new trial was pending. While noting that *Turner* "supported" the appellee's position on a motion to dismiss the appeal, the court denied the motion by reliance on *Markham v. Holt*, 369 F.2d 940 (5 Cir. 1966), a case not directly in point on its underlying facts. *Markham* was cited for its statements that "[T]his court has consistently adhered to the policy of exercising all proper means to prevent the loss of valuable rights when the validity of an appeal is challenged not because something was done too late, but rather because it was done too soon," and that an appeal should be allowed where it is "obvious that the overriding intent was effectively to appeal, and [that] no prejudice would result to the appellee . . ." 508 F.2d at 1288.

We believe that the amendment of Rule 4 has clearly vindicated the *Turner* rule, and ended the possibility of an equitable excuse along the lines of *Markham* from the ban on premature

motion to reconsider under Rule 59(e) will toll the time for appeal, and will require determination before a valid notice may be filed.[3]

Here, Williams, suing the government, had sixty days to appeal the summary judgement granted the defendants. He did not do so. Instead, he filed a motion to vacate the judgement under Fed.R.Civ.P. 60(b). It was denied. He then asked the court to reconsider that denial under Fed.R. Civ.P. 59(e), and while his motion was pending, noticed an appeal *from the same denial.* His motion under Rule 59(e) was served within ten days of the denial of the motion to vacate and was thus timely, tolling the time for appeal from it and triggering the prohibition of Fed.R.App.P. 4(a)(4) against the premature filing of a notice of appeal. Williams' notice was accordingly a nullity, and we have no jurisdiction over this appeal.

### APPEAL DISMISSED.

filings. The notes of the advisory committee on the 1979 amendment should be considered:

The proposed amendment would make it clear that after the filing of the specified post trial motions, a notice of appeal should await disposition of the motion. Since the proposed amendments to Rules 3, 10, and 12 contemplate that immediately upon the filing of the notice of appeal the fees will be paid and the case docketed in the court of appeals, and the steps toward its disposition set in motion, it would be undesirable to proceed with the appeal while the district court has before it a motion the granting of which would vacate or alter the judgment appealed from. *See, e. g., Keith v. Newcourt,* 530 F.2d 826 (8th Cir. 1976). Under the present rule, since docketing may not take place until the record is transmitted, premature filing is much less likely to involve wasted effort. *See, e. g. Stokes v. Peyton's Inc.,* 508 F.2d 1287 (5th Cir. 1975). Further, since a notice of appeal filed before the disposition of the post trial motion, even if it were treated as valid for purposes of jurisdiction would not embrace objections to the denial of the motion, it is obviously preferable to postpone the notice of appeal until after the motion is disposed of.

The present rule, since it provides for the "termination" of the "running" of the appeal time, is ambiguous in its application to a notice of appeal filed prior to a post trial motion filed within the 10-day limit. The amendment would make it clear that in such

circumstances the appellant should not proceed with the appeal during pendency of the motion but should file a new notice of appeal after the motion is disposed of.

3. In the pre–amendment version of Rule 4, the class of Rule 59 motions listed in the post–amendment rule were expressly said to have tolled the running of time in which the notice of appeal was required to be filed. A Motion to Reconsider was held to be within that class. *See Peabody Coal Co. v. Local Unions Numbers 1734, 1508 and 1548, United Mine Workers of America,* 484 F.2d 78 (6 Cir. 1973); *Maritime Association v. Quinn,* 465 F.2d 108 (9 Cir. 1972); *Woodham v. American Cystoscope Co. of Pelham, N.Y.,* 335 F.2d 551 (5 Cir. 1964). It should be noted that this court held under the pre–amendment version that a Motion to Reconsider an order denying a motion of the kind enumerated in the rule would not *again* have the effect of tolling the filing period. *Wansor v. George Hantscho, Inc.,* 570 F.2d 1202 (5 Cir. 1978); *Ellis v. Richardson,* 471 F.2d 720 (5 Cir. 1973). The original motion to vacate filed in this case, however, was under Fed.R.Civ.P. *60,* not 59. Thus, successive motions to reconsider could not indefinitely forestall the time for appeal. The motion under Rule 59 for reconsideration here went to a motion to vacate under Rule 60, which has no effect on the running of appeal time. A motion under Rule 59 to reconsider a denial of the first Rule 59 motion would not again have that effect.