**Shayne Degraw MARTIN, Plaintiff-Appellant,**

v.

**R. E. CAMPBELL, M.D., Defendant-Appellee.**

No. 80–7918.

United States Court of Appeals, Eleventh Circuit.

Nov. 8, 1982.

As Corrected Nov. 29, 1982.

Oren R. Lewis, Jr., Stephen A. Horvath, Arlington, Va., for plaintiff-appellant.

A. Stewart O'Bannon, Jr., Walker & Musgrove, William T. Musgrove, Jr., Florence, Ala., for defendant-appellee.

Appeal from the United States District Court for the Northern District of Alabama.

Before GODBOLD, Chief Judge, HENDERSON and MERRITT *, Circuit Judges.

GODBOLD, Chief Judge:

This is an appeal from a jury verdict in favor of a doctor in a malpractice case.

* Honorable Gilbert S. Merritt, U. S. Circuit Judge for the Sixth Circuit, sitting by designa-

Appellant sued a hospital and Dr. R. E. Campbell. She alleged that the hospital had negligently extended staff privileges to Dr. James B. Anderson, Jr. who, she asserted, had performed unnecessary surgery on her. Dr. Anderson was not, however, made a party to the suit. She charged that Dr. Campbell, as a member of the hospital executive committee, should have taken action to suspend the hospital privileges of Dr. Anderson, because, first, he (Dr. Campbell) knew that Dr. Anderson had previous difficulties and failures in the practice of medicine; and, second, because the stated purpose of the surgery performed on plaintiff was that she had a tumor, and allegedly Dr. Campbell, as hospital pathologist, knew from examination of tissue taken from plaintiff by Dr. Anderson that the diagnosis of a tumor was unsupported.

The jury returned a substantial verdict against the hospital and a verdict in favor of Dr. Campbell. What is before us is the appeal from the judgment in favor of Dr. Campbell. Separate judgments were entered on the two verdicts October 6, 1980. The hospital moved for a judgment n. o. v. or a new trial on October 15. While this motion was pending, on November 3, plaintiff filed a notice of appeal from the judgment in favor of Dr. Campbell. The appeal was docketed in this court. The record on appeal, including the reporter's transcript of testimony, was filed in this court March 3, 1981. The time for filing briefs then began to run, and appellant's brief should have been filed by June 12. Appellant, however, requested an extension to after the trial court acted on the hospital's motion for a new trial.

On June 5, 1981, seven months after it was filed, the district court granted the hospital's motion for a new trial.

Appellant's brief was filed July 24. The record was supplemented July 27, to include refused requests for jury instructions. Appellee's brief was filed August 27. Then, on

tion.

September 15, in the district court, before a new trial was held, the suit against the hospital was dismissed with prejudice. Appellant's reply brief was filed October 26. On November 3 the record was again supplemented, this time to reflect the September 15 dismissal of the suit against the hospital.

On our own motion we have raised, as we must, the matter of whether we have jurisdiction of the appeal. We conclude that we do not and dismiss the appeal.

■ The district court did not enter a Rule 54(b) certificate permitting the appeal of the judgment against Dr. Campbell, which was taken when no appeal had been taken from the judgment against the hospital and the hospital's motion for new trial or judgment n. o. v. was pending in the district court. The lack of a 54(b) certificate was, however, cured by the dismissal of the claim against the hospital. The former Fifth Circuit held that there is an exception to the requirements of Rule 54(b) that allows the separate appeal of a nonfinal judgment where a subsequent judgment of the district court effectively terminates the litigation. *Jetco Electronic Industries, Inc. v. Gardiner,* 473 F.2d 1228, 1231 (5th Cir. 1973); *Tower v. Moss,* 625 F.2d 1161, 1164–65 (5th Cir. 1980). These decisions are controlling on us.[1] In each of these cases the appellant filed his notice of appeal prematurely before all claims had been adjudicated, but the pending claims were later decided. The court held that, considering together the judgment being appealed and the later judgments, the litigation was effectively terminated and, therefore, there was no longer a Rule 54(b) defect in the appeal. Likewise, here, the judgment in favor of Dr. Campbell and the later order dismissing the claim against the hospital, taken together, effectively terminated the litigation. Therefore, Rule 54(b) is not a bar to our jurisdiction over the appeal from the judgment in favor of Dr. Campbell.

■ Nevertheless, the appeal must be dismissed because plaintiff did not file a

new notice of appeal after the hospital's motion for new trial was granted. FRAP 4(a)(4) renders ineffective a notice of appeal filed during the pendency of specified posttrial motions, including a motion for a new trial, and requires that a new notice of appeal be filed after the posttrial motion is disposed of. The rule provides:

> If a timely motion under the Federal Rules of Civil Procedure is filed in the district court by any party: (i) for judgment under Rule 50(b); (ii) under Rule 52(b) to amend or make additional findings of fact, whether or not an alteration of the judgment would be required if the motion is granted; (iii) under Rule 59 to alter or amend the judgment; or (iv) under Rule 59 for a new trial, the time for appeal for all parties shall run from the entry of the order denying a new trial or granting or denying any other such motion. *A notice of appeal filed before the disposition of any of the above motions shall have no effect. A new notice of appeal must be filed within the prescribed time measured from the entry of the order disposing of the motion as provided above.* No additional fees shall be required for such filing. (Emphasis added).

The italicized language was added when the rule was amended in 1979. The notes of the Advisory Committee reflect the Committee's intent to remove the ambiguity of the existent wording. The Committee said:

> The proposed amendment would make it clear that after the filing of the specified post trial motions, a notice of appeal should await disposition of the motion. Since the proposed amendments to Rules 3, 10, and 12 contemplate that immediately upon the filing of the notice of appeal the fees will be paid and the case docketed in the court of appeals, and the steps toward its disposition set in motion, it would be undesirable to proceed with the appeal while the district court has before it a motion the granting of which would vacate or alter the judgment appealed from.

1. *Bonner v. City of Prichard,* 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc).

Advisory Committee Notes to 1979 amendments to FRAP 4(a)(4).

In *Williams v. Bolger,* 633 F.2d 410, 412 and n.2 (5th Cir. 1980), a decision binding us, see n.1, *supra,* the former Fifth Circuit held that the refiling requirement of Amended Rule 4(a)(4) is mandatory and that a premature filing that falls under this rule may not be excused.[2] The court relied upon the inflexibility of the language of the amendment and on the Committee notes as well. It concluded that the amendment overruled previous decisions of the Fifth Circuit allowing premature filings to be excused under some circumstances.[3]

The requirement of the 1979 amendment is not an arbitrary nicety. Substantial reasons support the conclusion in *Williams v. Bolger* that failure to comply may not be excused. The language of the amendment implicates effective and efficient judicial administration and the policies against piecemeal appellate proceedings. The final judgment rule contemplates a single, unfragmented appeal, as opposed to a case carved up with part of it in the appellate court and another part alive in the district court (except where the district court enters a Rule 54(b) direction and certificate finding fragmentation justifiable). The Rule 4(a)(4) requirement of a new notice of appeal after a motion for a new trial has been ruled on has the effect of holding the case in status quo in the district court until the consequences of action on the pending motion can be determined and assayed by the parties. The previously filed notice of appeal "shall have no effect."

In *Williams v. Bolger* there was a single judgment and a single plaintiff-appellant. The language of the rule, and the logic of *Williams v. Bolger,* are no less applicable because there are two judgments and the pretrial motion did not relate to the judg-

ment sought to be appealed. The rule expressly applies to motions filed by "any party." Moreover, this was the prevailing view even before the 1979 amendments. *Phinney v. Houston Oil Field Material Co.,* 252 F.2d 357, 359–61 (5th Cir. 1958); 9 J. Moore, *supra,* ¶ 204.12[5]. *See also Washington v. Confederated Tribes,* 447 U.S. 134, 149, 100 S.Ct. 2069, 2079, 65 L.Ed.2d 10 (1980). Where there are two defendants, as here, if the motion did not hold matters in status quo the machinery of appellate procedures will move forward with respect to the judgment appealed from. As happened in this instance, the court will docket the appeal and instruct plaintiff on the mechanics he must follow. Plaintiff must notify the court reporter to prepare a transcript and make financial arrangements for it. When the transcript is completed the clerk of the district court will prepare and file the record in the appellate court. The time then begins to run for the filing of briefs. As happened here, delays in briefing may have to be asked to see what happens to the motion pending in the district court, which leaves the case dead in the water in the court of appeals. Some, or all, of this effort may have to be cancelled, or supplemented, or done over again once the new trial motion has been disposed of. If the motion for new trial had been denied, presumably the hospital would have appealed, and two appeals would have been pending, each on a separate track and under a separate timetable.

In this case, with the motion for new trial granted, if the claim against the hospital had not been dismissed this appeal concerning Dr. Campbell would have been making its way through this court, to be dismissed for want of a Rule 54(b) certificate. Meanwhile, if the new trial against the hospital

---

**2.** There is a split of authority on this issue. *Compare Tose v. First Pennsylvania Bank, N. A.,* 648 F.2d 879, 882 n.2 (3d Cir.), *cert. denied,* 454 U.S. 893, 102 S.Ct. 390, 70 L.Ed.2d 208 (1981); 9 J. Moore, *Federal Practice and Procedure,* ¶ 204.14 at 118–19 & nn.23–26.

**3.** *See Stokes v. Peyton's Inc.,* 508 F.2d 1287 (5th Cir. 1975). The general rule excusing a

premature filing, *see* J. Moore, *supra,* at ¶ 204.-14; *Markham v. Holt,* 369 F.2d 940 (5th Cir. 1966), has not been overruled by the 1979 amendments, however, but to the contrary has been codified in FRAP 4(a)(2). *See* Advisory Committee Notes to 1979 amendment of 4(a)(2). The nullification of premature filings contained in Rule 4(a)(4) is an exception. *Id.*

had come on to be heard, the trial court would have had to determine what to do—postpone the trial, try the case against the hospital, one of two alleged tort feasors, with the possibility of later having to try it yet again against the second tort feasor etc. If plaintiff wished to contest the granting of a new trial she would have to await final judgment after the second trial.

Amended Rule 4(a)(4) establishes a system under which nothing need be done based upon the premature notice of appeal until the pending motion is ruled on. Once the motion is ruled on the appeal can be planned and carried out in an orderly way. Time periods begin to run for all parties alike, for filing notices of appeal and for the events that thereafter must occur. In a case like the present one, if the hospital's motion for new trial were granted (but the case against the hospital not dismissed) the plaintiff could reappraise her position vis-a-vis Dr. Campbell and decide if she wished to seek a Rule 54(b) certificate. The district court, receiving such a request, could decide whether the situation justified a certificate. If the motion for new trial were denied the hospital could determine whether it wished to pay the judgment or appeal, and the plaintiff could appraise what she wished to do in the light of the hospital's choice. If both hospital and plaintiff ended up appealing, time periods would run for all parties either contemporaneously or approximately so. The court reporter could prepare a transcript and the clerk prepare a record in an orderly, non-repetitive and non-fragmented fashion. The record could be filed in the appellate court, and briefs scheduled and filed, in an orderly and readily controlled fashion.

Rule 4(a)(4), the reasons for it, and the precedents applying it, require a conclusion that we have no jurisdiction of this appeal, and it is DISMISSED.