**In re PRECON, INC., Debtor.**

**PRECON, INC., Plaintiff-Appellee,**

v.

**JRS REALTY TRUST,
Defendant-Appellant.**

**Bankruptcy No. 82–9060.**

United States Bankruptcy Appellate Panel for the First Circuit.

Jan. 31, 1983.

U. Charles Remmell, II, Kelley, Remmell & Zimmerman, Portland, Me., for plaintiff-appellee.

Walter R. May, Jr., Hausserman, Davison & Shattuck, Boston, Mass., for defendant-appellant.

Before LAWLESS, C.J., and GLENNON and LAVIEN, JJ.

PER CURIAM:

Appellee, Precon, Inc., has moved to dismiss this appeal for lack of jurisdiction. Appellant timely filed its notice of appeal with the United States District Court rather than the First Circuit Bankruptcy Appel-

late Panel. Appellee filed a motion with the district court to dismiss the appeal for lack of jurisdiction. Upon being advised that Appellant proposed to file Notice of Appeal in the bankruptcy court for the appellate panel and that counsel agreed that no hearing was necessary on the motion to dismiss, the district court dismissed the appeal after the 10-day appeal period had expired. Appellant amended the Notice of Appeal and requested an extension of time to file the appeal from the bankruptcy court. The bankruptcy court granted the extension of time to file the appeal. Appellee has not appealed the bankruptcy court's extension of time but instead argues that the original appeal was not timely filed because the correct designation was made after the 10-day appeal period had run.

The Motion to Dismiss the Appeal is denied. The Notice of Appeal was timely filed with the district court and effectively informed the appellee that an appeal was being taken which, after all, is one of the major purposes of the notice of appeal. *Markham v. Holt,* 369 F.2d 940, 942 (5th Cir.1966). The Supreme Court has noted that during the transition period it appears that appeals could properly be filed with the district court even though an appellate panel is in place. *Northern Pipeline Construction Co. v. Marathon Pipe Line Co.,* —— U.S. ——, 102 S.Ct. 2858, 2864 n. 7, 73 L.Ed.2d 598 (1982).

While not directly on point, certain rules indicate a liberal approach to this type of problem. Bankruptcy Rule 509(c) recognizes that even where papers are misfiled in the district court instead of the bankruptcy court, the papers will be considered properly filed as of the date filed with the district court. First Circuit Appellate Rule 4(a)(1) in Appendix A of the First Circuit Rules Governing Appeals (March 1, 1980), similarly provides for redirecting appeals misfiled with the Court of Appeals rather than the District Court. The cases cited by the movant are not on point since they deal with notices of appeal that were not timely filed initially.

Accordingly, the Motion to Dismiss is denied.