In the

# United States Court of Appeals

## For the Eleventh Circuit

————————————

No. 23-12157

————————————

WILLIAM HAROLD WRIGHT, JR.,

Petitioner-Appellant,

*versus*

UNITED STATES OF AMERICA,

Respondent-Appellee.

————————————

Appeal from the United States District Court
for the Middle District of Florida
D.C. Docket No. 8:21-cv-02691-KKM-SPF

————————————

Before BRASHER and ABUDU, Circuit Judges.

2                    Order of the Court                    23-12157

BY THE COURT:

Upon review of the record and the responses to the jurisdictional question, this appeal is DISMISSED IN PART for lack of jurisdiction as untimely. William Wright filed a notice of appeal, deemed filed on June 15, 2023, challenging the final order denying his 28 U.S.C. § 2255 motion, interlocutory orders that merged into that final judgment, and multiple post-judgment orders.

Wright's June 15, 2023 notice of appeal is not timely to appeal from the February 15, 2023 final order and judgment or the interlocutory orders that merged into that judgment because it was not filed within 60 days of entry of that judgment. *See* Fed. R. App. P. 4(a)(1)(B); 28 U.S.C. § 2107(b). Only one of Wright's post-judgment filings could serve as a timely tolling motion filed within 28 days of the entry of judgment, but that March 14, 2023 filing was denied on March 22, 2023, more than 60 days before Wright filed his June 15 notice of appeal. *See* Fed. R. App. P. 4(a)(1)(B), 4(A); 28 U.S.C. § 2107(b). Wright's subsequent filings could not toll the time to appeal from the final order and judgment for a second time. *See Wansor v. George Hantscho Co.*, 570 F.2d 1202, 1206 & n.5 (5th Cir. 1978); *Wright v. Preferred Research, Inc.*, 891 F.2d 886, 889 (11th Cir. 1990).

Furthermore, the notice of appeal was not filed within 60 days of the entry of the April 10 and 15, 2023 post-judgment orders Wright challenges, and he did not file any timely tolling motions as to those orders. *See* Fed. R. App. P. 4(a)(1)(B), (4)(A); 28 U.S.C. § 2107(b); *Williams v. Bolger*, 633 F.2d 410, 413 (5th Cir. 1980). We

23-12157                Order of the Court                3

conclude that the district court was not required to enter judgment as to the April 10 and 15, 2023 orders in a separate document because the April 10 and 15 orders fall within Rule 58(a)'s exception to the separate document requirement for orders denying Fed. R. Civ. P. 52(b), 59, and 60 motions.  *See* Fed. R. Civ. P. 58(a).

Finally, Wright's June 15, 2023 notice of appeal is timely to appeal from the May 11, 16, and 25, and June 3, 2023 post judgment orders he challenges because his notice was filed within 60 days of the entry of those orders.  *See* Fed. R. App. P. 4(a)(1)(B); 28 U.S.C. § 2107(b).  Thus, this appeal may proceed as to only those post-judgment orders.