In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 25-11789

_____

ABDUR-RAHIM DIB DUDAR,

Plaintiff-Appellant,

*versus*

STATE FARM FIRE & CASUALTY INSURANCE COMPANY,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Northern District of Georgia
D.C. Docket No. 1:23-cv-01480-WMR

_____

Before ROSENBAUM, NEWSOM, and ABUDU, Circuit Judges.

2                    Order of the Court                    25-11789

BY THE COURT:

This appeal is DISMISSED IN PART, *sua sponte*, for lack of jurisdiction.  Abdur-Rahim Dudar, proceeding *pro se*, appeals the district court's May 5, 2025 order denying his second motion for reconsideration and all preceding judgments and orders.  Before the May 5 order, the district court entered a final order and judgment on February 6, 2024 and an order denying Dudar's first motion for reconsideration on October 24, 2024.  We liberally construe Dudar's *pro se* notice of appeal as seeking to appeal from all three orders.  *See KH Outdoor, LLC v. City of Trussville*, 465 F.3d 1256, 1260 (11th Cir. 2006); *Campbell v. Air Jam. Ltd.*, 760 F.3d 1165, 1168 (11th Cir. 2014).

Dudar's notice of appeal, which was filed on May 21, 2025, is untimely to challenge the district court's February 6, 2024 final order and judgment.  *See* 28 U.S.C. § 2107(a); Fed. R. App. P. 4(a)(1)(A).  Dudar's motions for reconsideration were filed more than 28 days after the order and final judgment were entered, and thus, did not toll the time to appeal.  *See* Fed. R. App. P. 4(a)(4)(A); Fed. R. Civ. P. 59(e); *Advanced Bodycare Sols., LLC v. Thoine Int'l, Inc.*, 615 F.3d 1352, 1359 n.15 (11th Cir. 2010).  Accordingly, we lack jurisdiction to review the February 6, 2024 order and judgment.  *See Green v. Drug Enf't Admin.*, 606 F.3d 1296, 1300 (11th Cir. 2010).

However, Dudar's notice of appeal was timely to challenge the district court's October 24, 2024 and May 5, 2025 orders denying his motions for reconsideration.  His second motion for reconsideration was timely to toll the period to appeal from the order

25-11789                 Order of the Court                 3

denying his first motion for reconsideration and his notice was filed within 30 days of the May 5, 2025 order.  *See* 28 U.S.C. § 2107(a); Fed. R. App. P. 4(a)(1)(A); *Williams v. Bolger*, 633 F.2d 410, 413 (5th Cir. 1980).  Thus, this appeal MAY PROCEED as to only the October 24, 2024 and May 5, 2025 orders.

No motion for reconsideration may be filed unless it complies with the timing and other requirements of 11th Cir. R. 27-2 and all other applicable rules.