**NOT FOR PUBLICATION**

In the

United States Court of Appeals

For the Eleventh Circuit

_____

No. 25-13221
Non-Argument Calendar
_____

LARRY LAMONT LEDFORD,

*Plaintiff-Appellant*

*versus*

TYLER PERRY STUDIO'S,
CHRISTIAN KEYES,
THE LAW OFFICE OF DAYNA THOMAS COOK, ESQ LLC,

*Defendants-Appellees.*

_____

Appeal from the United States District Court
for the Northern District of Georgia
D.C. Docket No. 1:23-cv-05472-ELR
_____

Before JILL PRYOR, LAGOA, and ABUDU, Circuit Judges.

PER CURIAM:

On September 12, 2025, Larry Ledford, pro se, filed a notice of appeal that we liberally construe as designating the district court's: (1) September 20, 2024 final order and judgment dismissing his case; (2) June 26, 2025 order denying his first Fed. R. Civ. P. 60(b) motion to vacate the judgment; (3) July 24, 2025 order denying his second motion to vacate the judgment; and (4) July 28, 2025 order denying his third motion to vacate the judgment. *See* Fed. R. App. P. 3(c)(1)(B) (providing that a notice of appeal must "designate the judgment—or the appealable order—from which the appeal is taken"); *see also Rinaldo v. Corbett*, 256 F.3d 1276, 1278-80 (11th Cir. 2001) (explaining that we liberally construe the requirements of Rule 3).

Ledford's notice of appeal is untimely to challenge any of those rulings because it was filed more than 30 days after the entry of each of them. *See* Fed. R. App. P. 4(a)(1)(A) (providing that a notice of appeal must be filed within 30 days after the judgment or order appealed from is entered if there is not a federal party); *Green v. Drug Enf't Admin.*, 606 F.3d 1296, 1300-02 (11th Cir. 2010) (holding that a timely notice of appeal is a jurisdictional requirement in a civil case). Ledford's first motion to vacate was not filed in time to toll the time to appeal the judgment. *See* Fed. R. App. P. 4(a)(4)(A) (providing that a motion for reconsideration must be filed within 28 days of the entry of the judgment or order appealed from to toll the time to appeal). And even if his later motions to vacate tolled the time to appeal the postjudgment orders, his notice of appeal was not filed within 30 days of the entry of the last order. *See Williams v. Bolger*, 633 F.2d 410, 413 (5th Cir. 1980) (holding that

25-13221                Opinion of the Court                3

a timely motion to reconsider an order denying a prior motion for reconsideration tolls the time to appeal that prior order).

Accordingly, this appeal is DISMISSED, sua sponte, for lack of jurisdiction.  All pending motions are DENIED as moot.