**NOT FOR PUBLICATION**

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 25-11605
Non-Argument Calendar
_____

HENRY MCCONE,

Plaintiff-Appellant,

*versus*

EXELA TECHNOLOGIES, INC.,
EXELA ENTERPRISE SOLUTIONS, INC.,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Middle District of Florida
D.C. Docket No. 6:21-cv-00912-CEM-DCI
_____

Before JORDAN, KIDD, and ANDERSON, Circuit Judges.

PER CURIAM:

Henry McCone, proceeding pro se, appeals the district court's order denying his motion to vacate its final judgment under

Federal Rule of Civil Procedure 60(b) and its decision denying his motion to amend or alter that order under Federal Rule of Civil Procedure 59(e).  McCone argues that the district court's grant of summary judgment to Exela is void under Rule 60(b) because the district court violated his due process rights.  Exela contends that we lack jurisdiction over McCone's appeal and have asked us to dismiss it.  Exela also contends that McCone's appeal is frivolous and has moved for sanctions.

I.

We lack jurisdiction to hear appeals from a district court's order or judgment when an appellant fails to file a timely notice of appeal as to that order or judgment.  *Pinion v. Dow Chem., U.S.A.*, 928 F.2d 1522, 1525 (11th Cir. 1991).  A notice of appeal is timely if the appellant files it within 30 days of the district court's entry of the order or judgment he is appealing from.  Fed. R. App. P. 4(a)(1)(A).  Filing a Rule 59(e) motion to alter or amend the order an appellant is appealing from within 28 days of the district court's issuing that order will toll the appellant's deadline to file his notice of appeal.  Fed. R. App. P. 4(a)(4)(iv); Fed. R. Civ. P. 59(e); *see Williams v. Bolger*, 633 F.2d 410, 412-13 (5th Cir. 1980) (explaining that a Rule 59(e) motion asking the district court to reconsider an order denying a Rule 60 motion tolled the time to appeal the Rule 60 motion).  We can review a timely-appealed denial of a post-judgment motion even if we lack jurisdiction to review the underlying judgment.  *Advanced Bodycare Sols., LLC v. Thione Int'l, Inc.*, 615 F.3d 1352, 1259 n.15 (11th Cir. 2010) (holding that this Court had

jurisdiction to review a timely-appealed Rule 50(b) motion even though this Court lacked jurisdiction to review the final judgment).

Here, we lack jurisdiction to review the final judgment or the district court's denial of McCone's first Rule 59(e) motion because his current notice of appeal is untimely as to those decisions. *See Pinion*, 928 F.2d at 1525.  However, McCone timely appealed the district court's denial of his Rule 60(b)(4) motion because his second Rule 59(e) motion tolled his deadline to appeal the denial of his Rule 60(b)(4) motion, and he timely appealed the district court's order denying his second Rule 59(e) motion.  *See* Fed. R. App. P. 4(a)(4)(iv); *see also* Fed. R. Civ. P. 59(e); *Williams*, 633 F.2d at 412-13.  Accordingly, we have jurisdiction to review the district court's denial of McCone's Rule 60(b)(4) motion and his second Rule 59(e) motion.  *See Pinion*, 928 F.2d at 1525.

## II.

We review denials of Rule 60(b)(4) motions de novo, denials of Rule 59(e) motions for abuse of discretion, and construe pro se parties' arguments liberally.  *Stansell v. Revolutionary Armed Forces of Colom.*, 771 F.3d 713, 736, 746 (11th Cir. 2014) (noting that Rule 60(b)(4) motions are reviewed de novo unlike other Rule 60(b) motions and Rule 59(e) motions, which are reviewed for abuse of discretion); *Albra v. Advan, Inc.*, 490 F.3d 826, 829 (11th Cir. 2007). Rule 60(b)(4) allows federal courts to vacate void judgments.  Fed. R. Civ. P. 60(b)(4).  An order or judgment is void under Rule 60(b)(4) when the court that entered the judgment (1) lacked jurisdiction or (2) denied the movant due process.  *Burke v. Smith*, 252

F.3d 1260, 1263 (11th Cir. 2001).  An order or judgment is not void merely because it is erroneous.  *United Student Aid Funds, Inc. v. Espinosa*, 559 U.S. 260, 270 (2010).  A movant bears the burden of showing that he or she is entitled to relief under Rule 60(b).  *See, e.g., Gonzales v. Crosby*, 545 U.S. 524, 528-29 (2005) (explaining that a movant must present a reason that justifies vacating a judgment to qualify for relief under Rule 60(b)(6)).

We may only grant a Rule 59 motion when the movant identifies (1) a manifest error of law or a manifest factual error the district relied on or (2) newly discovered evidence.  *Arthur v. King*, 500 F.3d 1335, 1343 (11th Cir. 2007).  We will not grant a Rule 59 motion that relitigates old matters or that raises arguments or evidence that the movant could have presented prior to the entry of judgment.  *Id.*

We will not review arguments that an appellant abandons on appeal.  *Access Now, Inc. v. Sw. Airlines Co.*, 385 F.3d 1324, 1330 (11th Cir. 2004).  An appellant abandons an argument on appeal by not explaining why he believes the argument is meritorious.  *See id.* at 1330-31.

As an initial matter, McCone did not abandon his challenge to the district court's denial of his Rule 60(b) motion because he explained why he believed the district court violated his due process rights in his initial brief.  *See Access Now, Inc.*, 385 F.3d at 1330.

Here, none of McCone's arguments on appeal demonstrate that the district court lacked jurisdiction or violated his due process rights.  Accordingly, the district court's judgment is not void under

Rule 60(b)(4). *See Burke*, 252 F.3d at 1263. The record belies McCone's assertion that he did not receive due process (i.e. an opportunity to address the "direct threat" issue). Exela's motion for summary judgment gave McCone notice of the factual grounds for its argument that it complied with the ADA because Exela cited its requiring McCone to provide a negative Covid-19 test or a medical note as evidence that it followed the EEOC's guidance. Furthermore, the EEOC's guidance that Exela argued that it complied with specifically says that employers can stop infected employees from entering a workplace because their presence "would pose a direct threat to the health or safety of others." Thus, the district court did not raise the "direct threat issue" sua sponte when it found that Exela reasonably believed that McCone posed a direct threat to its other employees based on almost identical EEOC guidance and a similar statement from an EEOC investigator. Accordingly, the district court did not deprive McCone of an opportunity to be heard when it made this finding because McCone could have addressed the "direct threat issue" in his response to Exela's motion for summary judgment.

In addition, the district court properly denied McCone's second Rule 59(e) motion because his motion merely argued that the district court incorrectly analyzed his Rule 60(b) motion rather than identifying an incorrect statement of law the district court relied on. *See Arthur*, 500 F.3d at 1343.

Accordingly, we affirm.

III.

We can sanction an appellant who files a frivolous appeal after an appellee files a request for sanctions and the appellant receives a reasonable opportunity to respond. Fed. R. App. P. 38. Sanctions may include damages and costs. *Id.* An appeal is frivolous if an appellant's arguments lack merit. *Parker v. Am. Traffic Sol., Inc.*, 835 F.3d 1363, 1371 (11th Cir. 2016) (declining to issue sanctions because the appellant's jurisdictional argument was "not entirely meritless"). Sanctioning a pro se party on appeal is appropriate when he continues to make arguments that a court warned him lack any merit. *See United States v. Morse*, 532 F.3d 1130, 1132-33 (11th Cir. 2008) (sanctioning a party for arguments that the district court found to be "utterly without merit").

Ordinarily, a party must file a motion in the district court for "an order . . . granting an injunction while an appeal is pending." Fed. R. App. P. 8(a)(1)(C). We allow district courts to design filing injunctions, and we will review injunctions on appeal rather than creating injunctions on appeal. *See, e.g.*, *Procup v. Strickland*, 792 F.2d 1069, 1074 (11th Cir. 1986) (en banc) (vacating a filing injunction as overbroad, declining to "design" an "appropriate" injunction, and remanding to the district court for it to issue a new filing injunction).

Here, McCone's conduct merits sanctioning because the district court warned him that his arguments were "vexatious," and he filed a meritless appeal asserting many of the same arguments. *See Morse*, 532 F.3d at 1132-33. However, Exela's request for an injunction is improper because, to the extent Exela believes the

district court's order prohibiting McCone from filing any more motions relitigating his claims is insufficient, it did not first ask the district court to impose an injunction while this appeal is pending. *See* Fed. R. App. P. 8(a)(1)(C). Accordingly, we grant Exela's motion to the extent it requests attorney's fees and costs (the amount to be determined by the district court on remand), and we deny it to the extent it requests an injunction.

For the foregoing reasons, the judgment of the district court is **AFFIRMED** and Exela's motion is GRANTED in part and DENIED in part**.**