**Ola Irene RIVERS, et al., Plaintiffs,**

**W. A. Taylor, Plaintiff-Appellee,**

v.

**WASHINGTON COUNTY BOARD OF EDUCATION, et al., Defendants-Appellants.**

No. 84–7602

Non-Argument Calendar.

United States Court of Appeals, Eleventh Circuit.

Sept. 13, 1985.

William A. Kimbrough, Jr., Frank Woodson, Jr., Mobile, Ala., for defendants-appellants.

Solomon S. Seay, Jr., Montgomery, Ala., for plaintiff-appellee.

Before TJOFLAT, HILL and ANDERSON, Circuit Judges.

PER CURIAM:

■ Initially, we must address whether we have jurisdiction to hear the present appeal. Defendants/appellants filed a notice of appeal from an August 31, 1984 judgment awarding backpay to plaintiff/appellee Taylor. At that time there was no final, appealable order as required by 28 U.S.C. § 1291, since the court had not entered a final judgment on the claims of plaintiff Nelson and had not certified the case pursuant to Fed.R.Civ.P. 54(b). *See Jetco Electronics Industries, Inc. v. Gardiner*, 473 F.2d 1228, 1231 (5th Cir.1973). After filing the notice of appeal, the defendants filed a "motion to amend judgment," which was granted on October 12, 1984 by the district court, to reflect the final disposition of the case as to all parties and claims in the litigation. Rule 54(b) and section 1291 do not bar our jurisdiction in the present case, since the courts will consider "the separate appeal of a nonfinal judgment where a subsequent judgment of the district court effectively terminates the litigation." *Martin v. Campbell*, 692 F.2d 112, 114 (11th Cir.1982); *see Jetco*, 473 F.2d at 1231.

■ Nevertheless, another problem remains. Appellants did not file a new notice of appeal after their motion to amend judgment was granted. Fed.R.App.P. 4(a)(4) provides that a notice of appeal filed before the disposition of a Rule 59 motion to alter or amend judgment shall have no effect. Appellant's motion to amend judgment did not state that it was filed pursuant to Fed.R.Civ.P. 59(e). Indeed, it could not have been, since that rule provides that a motion to alter or amend the judgment shall be served not later than 10 days after entry of the judgment. Therefore, we construe this motion to amend as brought pursuant to Rule 60(a), to correct an omission or oversight in the August 31st judgment, since the motion and resulting amended judgment did not amend any of the terms of the judgment previously rendered or affect the status of any of the parties to the case, but merely clarified the final status of the par-

ties and claims in the litigation. Since we do not construe this motion to amend as a Rule 59 motion, the notice of appeal prematurely filed is treated as being filed after the entry of the amended judgment. *See* Fed.R.App.P. 4(a)(2). We do have jurisdiction to consider the merits of this case.

■ The district court has broad, equitable discretion to grant any equitable relief it deems appropriate to make persons whole for injuries suffered on account of unlawful employment discrimination. *Franks v. Bowman Transport Co.*, 424 U.S. 747, 764, 96 S.Ct. 1251, 1264, 47 L.Ed.2d 444 (1976). The district court did not abuse its discretion in ordering that appellee Taylor be instated to the next principal vacancy in Washington County. The court was under no compulsion to order the removal of the current principal of Fruitdale High in order to place Taylor in that position. We note that the district court order does not enjoin the appellants from placing Taylor in the Fruitdale High principal position, if that be the next principal vacancy in the Washington County school system.

AFFIRMED.