798 F.2d 1378
 5 Fed.R.Serv.3d 1376
 Lewis G. ROBINSON, Plaintiff-Appellant,
v.
Thomas Jeff TANNER, Individually and in his official
capacity as Building Director of the Inspection
Services Dept. of the City of Decatur,
Alabama, Defendant-Appellee.
 No. 85-7456
Non-Argument Calendar.
 United States Court of Appeals,
Eleventh Circuit.
 Sept. 9, 1986.
 
 James Whitmire, Dan F. Nelson, Decatur, Ala., for defendant-appellee.
 Appeal from the United States District Court for the Northern District of Alabama.
 Before FAY, JOHNSON and CLARK, Circuit Judges.
 PER CURIAM:
 
 
 1
 Robinson, plaintiff in this civil rights action against Tanner and other defendants, appeals from an order of the district court sanctioning him for his failure to appear at a deposition. Because we find that this court lacks jurisdiction under Rule 4, Fed.R.App.P., to hear this matter, we dismiss the appeal without deciding its merits.
 
 
 2
 During the discovery phase of this case, Robinson failed to appear at a duly noticed deposition and Tanner moved for court-imposed sanctions. Pursuant to that motion, the district court ordered Robinson to appear at the next deposition scheduled by Tanner and pay $200 attorney's fees to Tanner's attorneys for their services relating to the unsuccessful deposition. The court stated that if Robinson failed to pay this sum by July 27, 1985 or failed to appear at the next deposition, the court would "promptly entertain a motion to dismiss by defendant as a well deserved sanction." Tanner filed a notice of deposition on July 11, stating that Robinson would be deposed on August 7. On July 15, Robinson filed a notice of appeal from the June 27 sanctions order. On July 30, the court ordered Robinson to appear at the August 7 deposition and warned that sanctions, possibly dismissal, would result for failure to appear. The court also noted that Robinson's notice of appeal did not deprive that court of jurisdiction as the notice was taken from a non-appealable order.[1]
 
 
 3
 Subsequently, Tanner filed a motion to dismiss under Fed.R.Civ.P. 37(d) claiming that Robinson failed to appear at the August 7 deposition and failed to pay the $200 sanction. On November 20, the court dismissed the action citing the above facts as justification. No new notice of appeal was filed.
 
 
 4
 Where it appears that this court may lack jurisdiction to review an action of the district court, we are obligated to review jurisdiction before proceeding to the substance of the appeal. State Establishment for Agricultural Product Trading v. M/V Wesermunde, 770 F.2d 987, 989 (11th Cir.1985). Thus, it must first be decided if the order compelling Robinson to appear at a deposition and sanctioning him $200 was an appealable interlocutory order. If not, then the notice of appeal was premature and it must be determined whether the subsequent order of dismissal cured the premature notice of appeal.
 
 
 5
 I. The Portion of the Order Compelling Robinson to Appear at a Deposition is not Immediately Appealable.
 
 
 6
 In general, an order compelling discovery is interlocutory and not an appealable final order. Branca by Branca v. Security Benefit Life Insurance Co., 773 F.2d 1158, 1165 (11th Cir.1985), modified on other grounds, 789 F.2d 1511 (11th Cir.1986). This rule extends to orders compelling a party to submit to depositions. See Honig v. E.I. DuPont de Nemours & Co., 404 F.2d 410 (5th Cir.1968) (an order requiring a non-party witness to submit to a deposition was found not immediately appealable);[2] Carr v. Monroe Manufacturing Co., 431 F.2d 384, 386 (5th Cir.1970), cert. denied, 400 U.S. 1000, 91 S.Ct. 456, 27 L.Ed.2d 451 (1971) (quoting 6 Moore, Federal Practice, p 54.16 (2d ed. 1966), now superseded by 9 Moore, p 110.13 (2d ed. 1985)) (dictum; an order directing a party to testify or produce documents in response to a subpoena or a notice is not immediately appealable).
 
 
 7
 Although there are exceptions to this rule,[3] Robinson has failed to show, and the record does not indicate, that any apply to the present case.
 
 
 8
 II. The Portion of the Order Requiring Robinson to Pay Attorney's Fees as a Sanction is not Immediately Appealable.
 
 
 9
 Although this issue is one of first impression for this court, we agree with those circuits that have held that orders imposing sanctions for abuses of discovery[4] are not appealable until after final judgment except under limited circumstances. Aurora Bancshares Corp. v. Weston, 777 F.2d 385, 386 (7th Cir.1985); Meche v. Dan-Tex International, Inc., 681 F.2d 264, 265 (5th Cir.1982); In re Underwriters at Lloyd's, 666 F.2d 55, 58 (4th Cir.1981); Eastern Maico Distributors v. Maico-Fahrzeugfabrik, 658 F.2d 944, 947 (3d Cir.1981); Johnny Pflocks, Inc. v. Firestone Tire & Rubber Co., 634 F.2d 1215, 1216 (9th Cir.1980); Evanson v. Union Oil Co. of California, 619 F.2d 72, 74 (Temp.Emer.Ct.App.), cert. denied, 449 U.S. 832, 101 S.Ct. 102, 66 L.Ed.2d 38 (1980); In re Attorney General of United States, 596 F.2d 58, 61-62 (2d Cir.), cert. denied, 444 U.S. 903, 100 S.Ct. 217, 62 L.Ed.2d 141 (1979); but see Ohio v. Arthur Andersen & Co., 570 F.2d 1370, 1372 (10th Cir.), cert. denied, 439 U.S. 833, 99 S.Ct. 114, 58 L.Ed.2d 129 (1978) (order imposing preclusionary and monetary sanctions for non-compliance with discovery orders was final and appealable);[5] Miller v. Reighter, 581 F.2d 1181, 1182 (8th Cir.1978) (ordinarily, a discovery order directed to the production of documents, and which imposes no sanctions, is not a final order appealable under Sec. 1291).[6]
 
 
 10
 The limited consequences under which discovery sanctions orders are immediately appealable can be ascertained by determining the applicability of the various statutory and jurisdictional exceptions to the final judgment rule. See, e.g., 28 U.S.C. Sec. 1292(a), (b); Cohen v. Beneficial Industrial Loan Corp., 337 U.S. 541, 69 S.Ct. 1221, 93 L.Ed. 1528 (1949). By following this procedure, the courts have found discovery sanction orders immediately appealable where the sanction consisted of dismissal of the suit or a denial or grant of an injunction, Aurora Bancshares, 777 F.2d at 386; Branca by Branca, 773 F.2d at 1165, the sanction was against a non-party who might not be able to obtain review from a final judgment, Eavenson, Auchmuty & Greenwald v. Holtzman, 775 F.2d 535, 538-39 (3d Cir.1985); Frazier v. Cast, 771 F.2d 259, 261-62 (7th Cir.1985); David v. Hooker, Ltd., 560 F.2d 412, 416-17 (9th Cir.1977), or the sanction would cause irreparable injury to the appellant, Mulay Plastics, Inc. v. Grand Trunk Western Railroad, 742 F.2d 369, 370-71 (7th Cir.1984), cert. denied, --- U.S. ----, 105 S.Ct. 1409, 84 L.Ed.2d 798 (1985).[7] The former Fifth Circuit found a discovery sanction order appealable where the sanction was a default judgment against one of several defendants, a corporation which failed to produce a corporate officer for deposition. Diaz v. Southern Drilling Corp., 427 F.2d 1118, 1122-23 (5th Cir.), cert. denied, 400 U.S. 878, 91 S.Ct. 118, 27 L.Ed.2d 115 (1970). Prompt review was found necessary to protect funds claimed by the dismissed party which would be subject to the claims of an intervening party unless the default judgment was vacated on appeal. Id. at 1123.
 
 
 11
 None of the above exceptions apply to the instant order as it did not involve an injunction or dismissal, Robinson is a party to the action who would be able to effectively appeal from a final judgment, and he has not alleged that paying the $200 would cause him irreparable injury. Diaz is also inapplicable as the instant case does not involve funds which might be irretrievably lost. Thus, the general rule that forbids the immediate appeal of discovery sanction orders applies.
 
 
 12
 III. The Premature Notice of Appeal was not Cured by the Subsequent Final Judgment.
 
 
 13
 Because the order was not immediately appealable, Robinson's notice of appeal was premature. There is some confusion in the case law of this circuit concerning the effect a subsequent final judgment has on a premature notice of appeal. The confusion stems from conflicting language found in Jetco Electronic Industries v. Gardiner, 473 F.2d 1228 (5th Cir.1973), and United States v. Taylor, 632 F.2d 530 (5th Cir.1980). In Jetco, it was found that a premature appeal was reviewable where a subsequent judgment of the district court effectively terminated the litigation. Jetco, supra, at 1231. No new notice of appeal was filed after the subsequent judgment in Jetco. Id. This rule has played an active part in the jurisprudence of this court, the former Fifth Circuit, and various other circuits. See Bank South Leasing, Inc. v. Williams, 778 F.2d 704, 705 (11th Cir.1985); Rivers v. Washington County Board of Education, 770 F.2d 1010, 1011 (11th Cir.1985); Kleiner v. First National Bank of Atlanta, 751 F.2d 1193, 1199 n. 13 (11th Cir.1985); Martin v. Campbell, 692 F.2d 112, 114 (11th Cir.1982); Mesa Petroleum Co. v. Coniglio, 629 F.2d 1022, 1029 n. 7 (5th Cir.1980); Tower v. Moss, 625 F.2d 1161, 1164-65 (5th Cir.1980); see, e.g., Gillis v. United States Department of Health and Human Services, 759 F.2d 565, 569 (6th Cir.1985); Pireno v. New York State Chiropractic Association, 650 F.2d 387, 389-90 n. 4 (2d Cir.1981), aff'd on other grounds, 458 U.S. 119, 102 S.Ct. 3002, 73 L.Ed.2d 647 (1982); Anderson v. Allstate Insurance Co., 630 F.2d 677, 680-81 (9th Cir.1980).
 
 
 14
 In Taylor, it was held that a subsequent final judgment does not retroactively validate a premature notice of appeal. Taylor, 632 F.2d at 531. The premature notice in Taylor was filed from a non-appealable interlocutory order and no new notice of appeal was filed from the final judgment. Id. This rule has been used in at least three other decisions of this court. General Television Arts, Inc. v. Southern Railway, 725 F.2d 1327, 1331 (11th Cir.1984) (citing Taylor; no new notice filed after final judgment); Aeromar, C. Por A. v. Department of Transportation, 767 F.2d 1491, 1494 (11th Cir.1985) (citing General Television Arts; no new petition for appellate review of F.A.A. order filed after final order); McLaughlin v. City of LaGrange, 662 F.2d 1385, 1387 (11th Cir.1981), cert. denied, 456 U.S. 979, 102 S.Ct. 2249, 72 L.Ed.2d 856 (1982) (citing Taylor; new notice of appeal filed after rule 54(b) certification).
 
 
 15
 Other circuits have noted the apparent conflict between these cases. See, e.g., Alcorn County, Mississippi v. United States Interstate Supplies, Inc., 731 F.2d 1160, 1166 (5th Cir.1984); Cape May Greene, Inc. v. Warren, 698 F.2d 179, 185 (3d Cir.1983). The Fifth Circuit in Alcorn held that Jetco and its progeny, as the older precedent in the circuit, controlled over Taylor. Alcorn County, supra, at 1166. We, however, choose to reconcile Jetco and Taylor. We believe that the terms of this reconciliation accurately reflect the law of appellate jurisdiction and promote the philosophy of Cohen and its progeny that piecemeal litigation should be avoided in all but a few extraordinary instances.
 
 
 16
 Jetco and most of the cases following its rule concern premature appeals from judgments adjudicating either fewer than all the claims in the case or the rights and liabilities of fewer than all the parties. In Jetco, the notice was filed after one defendant's motion to dismiss was granted but before the court entered a later agreed upon judgment disposing of the claims against the remaining two defendants. Jetco, 473 F.2d at 1229-31. In Rivers, the notice of appeal was filed after a judgment awarding damages to one of two plaintiffs but before final judgment was rendered as to the other plaintiff. Rivers, 770 F.2d at 1011. In Tower, the notice was filed after one plaintiff's complaint was dismissed but before the remaining plaintiff's claims were settled and dismissed. Tower, 625 F.2d at 1164-65. These cases, all concerning the same basic fact pattern, are interpreted as establishing an exception to Fed.R.Civ.P. 54(b) allowing a subsequent judgment to cure a premature notice of appeal only when the notice is from an otherwise final order dismissing a claim or party.[8]
 
 
 17
 Taylor, on the other hand, applies to interlocutory orders which could not be appealed under Rule 54(b) as dismissals of claims or parties. Taylor, 632 F.2d at 531; General Television Arts, 725 F.2d at 1330-31 (notice of appeal filed from order granting partial summary judgment).
 
 
 18
 Thus, Jetco and Taylor themselves are not in conflict. Later cases which cite these decisions are not as easy to reconcile. Some of these cases are factually distinguishable and are read as consistent with both Jetco and Taylor. Other cases, however, misuse either Jetco or Taylor in such a way that the resultant inconsistency cannot be explained away. Insofar as later opinions conflict with either Jetco or Taylor, we simply note that one panel of this court may not overrule the decision of a prior panel. Bonner v. City of Prichard, 661 F.2d 1206, 1209 (11th Cir.1981) (en banc). Thus, when a later case cannot be reconciled with or distinguished from Jetco or Taylor, we deem ourselves bound to follow Jetco and Taylor. These principles govern the following discussion.
 
 
 19
 In Martin a notice of appeal was filed after one defendant was dismissed from the case but before the claims against the second defendant were finally decided. Martin, 692 F.2d at 114-15. Jetco was properly cited in Martin as the notice was from an order dismissing claims or parties. Martin, supra, at 114. However, the court noted the presence of an additional factor--the notice of appeal was filed during the pendency of a Rule 59 motion for new trial. Id. Fed.R.App.P. 4(a)(4) states very clearly that a notice of appeal filed before the disposition of a Rule 59 motion for new trial "shall have no effect. A new notice of appeal must be filed within the prescribed time measured from the entry of the order disposing of the motion...." Id. Martin reconciles Jetco and Rule 4(a)(4) by finding that Jetco does not validate a premature notice which is filed when a Rule 4(a)(4) motion is pending. Martin, 692 F.2d at 114-15; see Alcorn County, 731 F.2d at 1166; Cape May Greene, 698 F.2d at 185.
 
 
 20
 The Martin decision helps to explain the result in Aeromar. Aeromar concerned a petition for appellate review of a F.A.A. decision. Aeromar, 767 F.2d at 1493. That petition, however, was filed while a motion for reconsideration was pending before the F.A.A. Id. Although General Television Arts is cited for the proposition that a premature notice does not confer jurisdiction on this court, the decision turns on the proposition that a notice of appeal filed during the pendency of a quasi-Rule 59 motion is a nullity. Aeromar, supra, at 1493.
 
 
 21
 Mesa involved two orders. The first order entered judgment against the defendant and determined damages but indicated that a separate order would set aside certain land conveyances and create a lien on certain real property. Mesa, 629 F.2d at 1025, 1029 n. 7. A later order determined attorney's fees and imposed a lien and equitable trust on the real property. Id. There is no indication as to when the notice of appeal was filed and Jetco is not cited as allowing a subsequent judgment to cure a premature notice of appeal. Rather, it is used to justify a finding of jurisdiction where two orders have the combined effect of terminating the litigation. Mesa, supra, at 1029 n. 7. This use of Jetco and the subsequent discussion of Cole v. Tuttle, 540 F.2d 206 (5th Cir.1976), leave open the possibility that the notice of appeal was filed after the second order and the jurisdictional issue was whether that notice permitted review of the first order. Because of this uncertainty, Mesa is deemed to have no precedential value in the instant case.
 
 
 22
 In Kleiner, an appeal was taken from an order sanctioning and disqualifying a party's attorneys for violating an order concerning class action notification. Kleiner, 751 F.2d at 1198-99 & n. 13. Both parts of this order were interlocutory. See supra pp. 1381-1382; Richardson-Merrell, Inc. v. Koller, --- U.S. ----, 105 S.Ct. 2757, 2761, 86 L.Ed.2d 340 (1985) (an order disqualifying counsel in a civil case is not immediately appealable). This court found jurisdiction and quoted the Jetco rule. Kleiner, 751 F.2d 1199 n. 13. We find that the reference to Jetco was superfluous as the sanction and disqualification order was otherwise appealable. The sanctioned attorneys could immediately appeal the order because, otherwise, they would be unable to appeal from a subsequent final judgment as they were no longer part of the litigation. Eavenson, Auchmuty & Greenwald, 775 F.2d at 538-39; Knorr Brake Corp. v. Harbil, Inc., 738 F.2d 223, 226 (7th Cir.1984). Moreover, the protective notice of appeal filed from the final judgment also allowed review of the interlocutory order. See Kleiner, 751 F.2d at 1199 n. 13. Thus, Kleiner is distinguishable from both Jetco and the instant case.
 
 
 23
 McLaughlin is similar to Kleiner, although it reaches the opposite conclusion under the guidance of Taylor. In McLaughlin, the appellants filed a notice of appeal from a grant of summary judgment in favor of two defendants before entry of a Rule 54(b) order. McLaughlin, 662 F.2d at 1387. A new notice of appeal was filed after the entry of the Rule 54(b) order. Id. This court found that although the premature notice did not give this court jurisdiction, the later notice did. Id. Under Jetco, the first notice may have been valid. However, there is no need to speculate as to the correctness of the McLaughlin decision because, like Kleiner, the protective notice filed from the Rule 54(b) certification distinguishes McLaughlin from the Jetco and Taylor decisions.[9]
 
 
 24
 Lastly, in Bank South, the notice of appeal was filed after judgment was rendered but before the attorney's fees issue was decided. Bank South, 778 F.2d at 705. This court found that because the attorney's fees issue was an integral part of the merits of the case, the notice of appeal was premature and did not give this court jurisdiction. Bank South Leasing, Inc. v. Williams, 769 F.2d 1497, 1499-1500 (11th Cir.1985). Upon rehearing by the panel, it was found that a subsequent order deciding the attorney's fees issue cured the premature notice. Bank South, 778 F.2d at 705 (citing Rivers and Martin ). A similar fact pattern existed in Alcorn County, 731 F.2d at 1166. These attorney's fees cases cannot be reconciled with our narrow interpretation of Jetco and Taylor unless the judgment and the attorney's fees award are interpreted as involving separate claims for the purposes of Rule 54(b). Characterizing these orders in this fashion, however, would not be proper. See Liberty Mutual Insurance Co. v. Wetzel, 424 U.S. 737, 742-44, 96 S.Ct. 1202, 1205-06, 47 L.Ed.2d 435 (1976) (order finding liability could not be appealed pursuant to Rule 54(b) because no part of the prayer for relief, requesting an injunction, damages and attorney's fees, had been granted; the three components of the prayer for relief were not considered separate claims). Thus, under our interpretation of Jetco and Taylor, the finding of appellate jurisdiction in Bank South and Alcorn County may be incorrect. As previously noted, those panels had no authority to overrule or alter the prior decisions of this court in Jetco or Taylor. Bonner, 661 F.2d at 1209. On the other hand, the rules governing attorney's fees cases are sui generis in many respects. See White v. New Hampshire Department of Employment Security, 455 U.S. 445, 102 S.Ct. 1162, 71 L.Ed.2d 325 (1982); Certain British Underwriters v. Jet Charter Service, Inc., 739 F.2d 534 (11th Cir.1984); McQurter v. City of Atlanta, 724 F.2d 881 (11th Cir.1984). For that reason, and because the instant case does not concern an attorney's fees award, we need go no further than to find that the instant case is controlled by the original rule as embodied in Jetco and Taylor, not the attorney's fee cases.
 
 
 25
 Thus, in summary, the case law reveals the following alternatives for analyzing premature notices of appeal:
 
 
 26
 1. Jetco--A premature notice of appeal is valid if filed from an order dismissing a claim or party and followed by a subsequent final judgment without a new notice of appeal being filed.[10]
 
 
 27
 2. Taylor--A premature notice of appeal filed from an interlocutory order that is not immediately appealable is not cured by a subsequent final judgment.
 
 
 28
 3. Martin--A notice of appeal is not valid if filed during the pendency of a Rule 59 motion for new trial.
 
 
 29
 4. Fed.R.App.P. 4(a)(2)--A notice of appeal is valid if filed after the announcement of a decision or order but before entry of the judgment or order.
 
 
 30
 5. Kleiner/McLaughlin--Premature notice of appeal followed by final judgment and a second notice of appeal. The second notice allows the appeal of all issues unless it is untimely or the problem noted in Cole v. Tuttle, 540 F.2d at 206, occurs. The first notice of appeal may or may not be valid depending on the application of the above rules.
 
 
 31
 6. Bank South--In attorney's fees cases, Jetco has been used in situations where Taylor would warrant a finding of no jurisdiction.
 
 
 32
 In the instant case, Robinson's notice of appeal was filed from an interlocutory order which was not immediately appealable. Thus, Jetco does not apply and Taylor mandates a dismissal of the appeal for lack of jurisdiction. Before doing so, however, it is noted that this court is at a distinct disadvantage when a subsequent judgment, which may cure a premature notice of appeal, is rendered during the pendency of an appeal. See Bank South, 778 F.2d at 705. Although the court is obligated to review its jurisdiction, the information necessary to that determination in this type of case must come from the parties. Because of their knowledge of, and ability to affect, the proceedings of the district court, it is the obligation of the parties to the appeal to inform this court of any subsequent judgment in a timely fashion. Id.
 
 
 33
 Because we find that this court lacks jurisdiction over the appeal, it is dismissed without a decision on the merits.[11]
 
 
 34
 DISMISSED FOR LACK OF JURISDICTION.
 
 
 
 [1]
 Thus, the district court had jurisdiction to enter the subsequent final judgment. United States v. Hitchmon, 602 F.2d 689, 694 (5th Cir.1979)
 
 
 [2]
 In Bonner v. City of Prichard, 661 F.2d 1206 (11th Cir.1981) (en banc), this court adopted as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981. Id. at 1209
 
 
 [3]
 For example, a discovery order may be appealable where it "is directed to a person who has custody of materials as to which another person may claim a privilege of non-disclosure." In re International Horizons, Inc., 689 F.2d 996, 1001 (11th Cir.1982). Additionally, a district court order rendered under the authority of 26 U.S.C. Secs. 7402(b) or 7604(a) compelling a taxpayer or other witness summoned by the Internal Revenue Service to testify or produce documents to the IRS is also immediately appealable. United States v. Solomon, 437 F.2d 110 & n. 1 (5th Cir.1971) (government appealed from order denying motion to enforce IRS summons); Falsone v. United States, 205 F.2d 734, 737 (5th Cir.), cert. denied, 346 U.S. 864, 74 S.Ct. 864, 98 L.Ed. 375 (1953) (taxpayer's accountant appealed order compelling him to testify and produce documents to the IRS); see also Overnite Transportation Co. v. EEOC, 397 F.2d 368, 369 & n. 4 (5th Cir.1968) (district court order obtained by EEOC pursuant to 42 U.S.C. Sec. 2000e-9(b), now superseded by 29 U.S.C. Sec. 161(2), compelling an employer to give EEOC access to evidence was immediately appealable). These orders were immediately appealable because the district court case consisted of only the government's request for the order compelling discovery. Once the order was rendered, the case was at an end and the order was considered final because the district court had no unresolved issues before it. Falsone, 205 F.2d at 737
 
 
 [4]
 The cases cited in this section of the main text concern discovery sanctions under several of the federal rules. See Fed.R.Civ.P. 11, 30(g)(2), 37(a)(4), 37(b)(2), 37(d). Robinson was sanctioned under Rule 37(d). For the purposes of this opinion, the fact that different rules were involved in the various cases cited in the main text does not distinguish them from the instant case
 
 
 [5]
 Ohio v. Arthur Andersen was subsequently given a narrow reading by the Tenth Circuit in D & H Marketers, Inc. v. Freedom Oil & Gas, Inc., 744 F.2d 1443, 1444-46 (10th Cir.1984) (en banc) (default judgment used as discovery sanction not immediately appealable under Cohen v. Beneficial Industrial Loan Corp., 337 U.S. 541, 69 S.Ct. 1221, 93 L.Ed. 1528 (1949), or Rule 54(b)). Ohio v. Arthur Andersen was described in D & H Marketers as allowing an immediate appeal because compliance with the district court's discovery order would have put the appealing party in violation of foreign law and the consequences could not be ameliorated if appeal was delayed. D & H Marketers, 744 F.2d at 1446
 Ohio v. Arthur Andersen was explicitly rejected by at least three circuits. See In re Underwriters at Lloyd's, 666 F.2d 55, 58 (4th Cir.1981); Eastern Maico Distributors v. Maico-Fahrzeugfabrik, 658 F.2d 944, 947 n. 2 (3d Cir.1981); Johnny Pflocks, Inc. v. Firestone Tire & Rubber Co., 634 F.2d 1215, 1216-17 (9th Cir.1980); see also Evanson v. Union Oil Co. of California, 619 F.2d 72, 74 (Temp.Emer.Ct.App.), cert. denied, 449 U.S. 832, 101 S.Ct. 102, 66 L.Ed.2d 38 (1980) (Ohio v. Arthur Andersen noted as being contrary to court's decision). For the reasons discussed in this opinion, we too find Ohio v. Arthur Andersen not applicable to the instant case.
 
 
 [6]
 The holding in Miller is not read as implying that the imposition of sanctions in a discovery order necessarily renders the order immediately appealable. The issue in Miller, not a sanctions case, was analyzed under Cohen and the court found that denial of immediate review would not render meaningful review at a later time impossible. Miller, 581 F.2d at 1182. Presumably, that court would not hold that a discovery sanction order was immediately appealable unless it, too, met this test
 
 
 [7]
 The irreparable injury exception is akin to the final order exception of Forgay v. Conrad, 47 U.S. (6 How.) 201, 12 L.Ed. 404 (1848), which allows an appeal from orders which would cause hardship or irreparable injury to the appealing party
 
 
 [8]
 This interpretation is consistent with the rule noted in Pitney Bowes, Inc. v. Mestre, 701 F.2d 1365 (11th Cir.), cert. denied, 464 U.S. 893, 104 S.Ct. 239, 78 L.Ed.2d 230 (1983), that a certification of final judgment under Rule 54(b) cannot for purposes of appeal render final a judgment that is interlocutory. Id. at 1369
 
 
 [9]
 Insofar as the discussed distinctions may be insufficient, Kleiner and McLaughlin still would not require a difference conclusion as Jetco and Taylor, the older precedents, control until overruled by an en banc court. Bonner v. City of Prichard, 661 F.2d 1206, 1209 (11th Cir.1981) (en banc)
 
 
 [10]
 Aside from the Alcorn County decision, the Fifth Circuit has interpreted Jetco in a manner consistent with this opinion. See Davidson Oil Country Supply Co. v. Klockner, Inc., 780 F.2d 1258, 1259-60 (5th Cir.1986); Winters v. Teledyne Movible Offshore, Inc., 776 F.2d 1304, 1305 & n. 1 (5th Cir.1985); Sandidge v. Salen Offshore Drilling Co., 764 F.2d 252, 255 (5th Cir.1985)
 
 
 [11]
 Robinson's "Motion to Overrule Sanctions and Dismissal Order" is denied because this court is without jurisdiction to consider it