[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JAN 15, 2009
THOMAS K. KAHN
CLERK

_____

No. 08-11228
Non-Argument Calendar

_____

D. C. Docket No. 07-60893-CV-ASG
BKCY No. 06-14202 BKC-JK

IN RE: BRUCE DONALD MACNEAL,

Debtor.

_____

BRUCE DONALD MACNEAL,
JAMES A. BONFIGLIO,
SHERRI B. SIMPSON,

Plaintiffs-Appellants,

versus

EQUINAMICS, CORP.,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

**(January 15, 2009)**

Before CARNES, WILSON and PRYOR, Circuit Judges.

PER CURIAM:

Bruce MacNeal and his attorneys, Sherri Simpson and James Bonfiglio, appeal the denial of relief from orders of the bankruptcy court. The district court dismissed as moot MacNeal's appeal from an order in an adversary proceeding and affirmed the sanction against MacNeal and his attorneys for discovery abuses. We affirm.

## I. BACKGROUND

To understand the context of this appeal, we review three matters. First, we address MacNeal's adversary proceeding. Second, we address the sanction in the adversary proceeding. Third, we address the appeals to the district court.

*A. MacNeal's Bankruptcy and Adversary Proceedings*

In September 2006, one month after MacNeal filed a bankruptcy petition under Chapter 13, he filed an adversary complaint against Equinamics Corporation. MacNeal complained that the company had violated the federal Truth In Lending Act and Florida usury law in conjunction with a loan made by Equinamics to MacNeal and secured by MacNeal's home. MacNeal alleged that the claims under the Truth In Lending Act against Equinamics qualified for the Florida homestead exemption because he sought "rescission and damages for the transaction

2

[involving] homestead property." MacNeal listed the claims as exempt from the bankruptcy estate on his schedule of property and as non-exempt personal property on a separate schedule. Equinamics objected and argued that the claims did not qualify for the homestead exemption and any alleged damages would be exempt only as personal property.

MacNeal amended both schedules to reflect that the claims were exempt under the homestead exemption. MacNeal explained that he sought as relief rescission, recoupment, and damages, and that his challenge to the loan had not ripened when he filed for bankruptcy because he had not given notice of his intent to rescind the loan. MacNeal later converted to a Chapter 7 bankruptcy. Equinamics and the bankruptcy trustee objected to the amended schedules and argued that the claims were non-exempt assets of the bankruptcy estate.

On March 22, 2007, the bankruptcy court sustained the objections. The court concluded that the claims under the Truth in Lending Act were "independent rights under federal law" and could not "be subsumed into MacNeal's homestead rights arising under state law." The court stated that MacNeal had never sought to exempt the claims as personal property probably because "the maximum litigation recovery he could retain as exempt would be $250." The court did not address MacNeal's argument that the claims were exempt as post-petition assets. The court

3

concluded that the claims were "property of the estate subject to administration by the Trustee" and instructed the trustee to "substitute herself as the sole party plaintiff" in the adversary proceeding.

The trustee moved to settle the adversary proceeding and sell the claims to Equinamics. The written agreement between the trustee and Equinamics provided that each party would assume their "respective attorneys' fees, costs and expenses incurred in the prosecution or defense of this adversary proceeding[.]" After a hearing, the bankruptcy court granted the motion in July 2007 and approved the settlement and sale. The court found that the sale had been made with sufficient notice, in good faith, and was in the best interest of the bankruptcy estate; the trustee had made a "fair, open, and reasonable" sale, 11 U.S.C. § 363(b); and Equinamics was a purchaser in good faith, 11 U.S.C. § 363(m). After the trustee stipulated to a voluntary dismissal of the adversary proceeding, the bankruptcy court dismissed the action with prejudice and ordered the parties to assume their own costs "[o]ther than fees and costs awarded pursuant to pending motions and orders awarding sanctions in this action[.]"

*B. Sanction Imposed During the Adversary Proceeding*

While the parties were litigating whether the claims were included in the bankruptcy estate, the bankruptcy court addressed a discovery dispute. Thirty-five

4

days after Equinamics served its interrogatories and requests for production, it moved to compel MacNeal to respond and alleged that MacNeal was engaging in "gamesmanship" that would require Equinamics to complete MacNeal's deposition after it received the requested documents. In a supplement to the motion, Equinamics requested the bankruptcy court sanction MacNeal and his counsel for the costs and expenses of the motion and a second deposition. Equinamics argued that MacNeal had received notice of his deposition and offered in support of the argument the following documents: notice for the depositions of MacNeal and his wife transmitted by facsimile; emails from the MacNeals stating that they were available on the scheduled dates; and a letter sent by U.S. mail that enclosed the deposition notices. Equinamics also argued that MacNeal had abused the discovery process and offered in support of the argument a series of emails exchanged between it and MacNeal's counsel, Bonfiglio, on January 29, 2007. In those emails, Equinamics asked why MacNeal and his counsel did not attend his deposition and inquired if McNeal's wife would appear for her deposition; Bonfiglio responded that he did not schedule the depositions because Equinamics did not provide formal notice or file a notice with the court and that he did not represent and would not advise MacNeal's wife regarding her deposition; Equinamics replied that the MacNeals had been "served, on multiple times and

occasions, with notice"; and Bonfiglio responded that there was a difference between a "notice" and "notice of taking deposition."

At a hearing on the parties' motions to extend time to respond to discovery requests, the bankruptcy court addressed Equinamics's motions to compel. The court stated that there were "credibility issues" regarding Bonfiglio's argument that he had not received the notice of taking deposition. Bonfiglio stated that, although it was "probably a technicality," he did not represent MacNeal's wife and "had nothing to do with" her failure to appear. Bonfiglio attempted to excuse MacNeal's failure to appear on grounds that Equinamics sought to depose MacNeal before he obtained discovery and that, when Equinamics failed to file a notice of taking deposition with the court, MacNeal's testimony would be voluntary and he could not assert a Fifth Amendment privilege. Bonfiglio gave equivocal answers when asked if Equinamics had given notice of taking MacNeal's deposition by fax, email, and mail.

The bankruptcy court found that Equinamics "served" a notice of taking deposition and that MacNeal had failed to appear at counsel's behest. Bonfiglio apologized to the court and counsel for Equinamics. When asked why the court should not impose a sanction of costs and attorney's fees for the deposition, Bonfiglio responded, "If that's the Court's finding, then it should probably be the

6

appropriate award." The bankruptcy court granted Equinamics's motions to compel and awarded Equinamics the fees and costs incurred for the depositions and the motions. The court gave MacNeal and counsel three days after Equinamics filed its affidavit of fees and costs to object to the ruling, but they did not object.

MacNeal and his counsel later moved for rehearing. MacNeal and his counsel challenged the decision to impose the sanction and the amount of expenses sought by Equinamics. The bankruptcy court refused to reconsider the sanction because MacNeal and his counsel were "merely attempting to reargue matters," which was not a valid ground for relief under Federal Rule of Civil Procedure 59(e). The court found reasonable the fees and expenses requested by Equinamics and imposed a sanction of $14,352.90.

*C. Proceedings in the District Court*

MacNeal and his counsel appealed separately the order that the claims were not exempt from the bankruptcy estate and the award of sanctions. As to the exemption, MacNeal argued that the bankruptcy court lacked jurisdiction over the claims because they qualified for the homestead exemption and were excluded from the bankruptcy estate. As to the sanction, MacNeal and his counsel challenged the factual findings of the bankruptcy court and argued that the award was excessive.

The district court consolidated the two appeals. The district court dismissed as moot the appeal of the order about the homestead exemption because MacNeal had not sought a stay or appealed the sale of the claims and he was barred from challenging the validity of the sale under section 363(m). The district court also affirmed the sanction against MacNeal and his counsel.

## II. STANDARDS OF REVIEW

"[A]s [the] second court of review," we "examine[] independently the factual and legal determinations of the bankruptcy court and employ[] the same standard of review as the district court." In re Optical Techologies, Inc., 425 F.3d 1294, 1299–1300 (11th Cir. 2005). We review de novo the legal conclusions of the bankruptcy court and examine its factual findings for clear error. Id. We also review de novo issues of subject-matter jurisdiction. AT&T Mobility, LLC v. Nat'l Ass'n for Stock Car Auto Racing, Inc., 494 F.3d 1356, 1359–60 (11th Cir. 2007). We review the award of sanctions for abuse of discretion. Mutual Serv. Ins. Co. v. Frit Indus., Inc., 358 F.3d 1312, 1326 (11th Cir. 2004).

## III. DISCUSSION

This appeal raises three issues for our consideration. First, we consider MacNeal's argument that the district court erred when it dismissed as moot his appeal of the order that denied his homestead exemption. Second, we consider

8

whether we have jurisdiction to review the award of sanction by the bankruptcy court.  Third, we consider whether the bankruptcy court abused its discretion when it awarded the sanction against MacNeal and his counsel.

*A. MacNeal's Appeal About the Exemption of His Claims Is Moot.*

MacNeal contends that his claims under the Truth in Lending Act qualify for the homestead exemption and he can challenge the treatment of the claims by the bankruptcy court.  MacNeal argues that Equinamics had acquired an interest in a "consumer credit transaction," 11 U.S.C. § 363(o), when it purchased the claims from the trustee and the purchase is not barred from review under section 363(m).  MacNeal argues that the claims relate to his homestead and were defenses to Equinamics's claims against his homestead and, if he were to prevail on his Truth In Lending Act claims, he would be entitled to rescission, profits from the sale of his home, and related damages, all of which would be exempt from the bankruptcy estate.  We disagree.

MacNeal's appeal is moot.  A trustee has authority to sell property of the bankruptcy estate, 11 U.S.C. § 363(b), and after a sale is approved by the bankruptcy court and consummated by the parties, the sale may not be invalidated unless it is stayed pending appeal, id. § 363(m).  The district court could not give MacNeal meaningful relief from the judgment.  <u>Soliman v. United States ex rel.</u>

INS, 296 F.3d 1237, 1242 (11th Cir. 2002). MacNeal did not obtain a stay of the sale of his claims, and his arguments that Equinamics is not a bona fide purchaser and that the claims are not part of the bankruptcy estate challenge the validity of the sale. "Because [section 363(m)] prevents an appellate court from granting effective relief if a sale is not stayed, the failure to obtain a stay render[ed] [McNeal's] appeal moot." In re The Charter Co., 829 F.2d 1054, 1056 (11th Cir. 1987).

Section 363(o) does not provide MacNeal relief. Section 363(o) provides that the purchaser of "any interest in a consumer credit transaction that is subject to the Truth in Lending Act or any interest in a consumer credit contract . . . shall remain subject to all claims and defenses that are related to" the asset. 11 U.S.C. § 363(o). Because Equinamics purchased MacNeal's claims under the Act, not an interest in the underlying credit transaction, the exception provided in section 363(o) does not apply to the sale. We affirm the dismissal as moot of MacNeal's appeal of the order about his purported exemption.

*B. We Have Jurisdiction to Consider the Sanction.*

Although a district court has jurisdiction over appeals from interlocutory orders of a bankruptcy court, we have jurisdiction over final orders and judgments of a district court sitting in review of a bankruptcy court. 28 U.S.C. § 158(a), (d);

10

Lockwood v. Snookies, Inc. (In re F.D.R. Hickory House, Inc.), 60 F.3d 724, 725 (11th Cir. 1995). In general, "orders imposing sanctions for abuses of discovery are not appealable until after final judgment except under limited circumstances." Robinson v. Tanner, 798 F.2d 1378, 1380 (11th Cir. 1986). Among the exceptions is the circumstance in which "the sanction was against a non-party who might not be able to obtain review from a final judgment." Id. at 1381.

MacNeal could not appeal the final judgment that dismissed the adversary proceeding. MacNeal was not a "person aggrieved" because he has no direct financial stake in the resolution of the claims that belonged to the bankruptcy estate after the bankruptcy trustee was substituted as the proper party plaintiff. In re Westwood Cmty. Two Ass'n, Inc., 293 F.3d 1332, 1335 (11th Cir. 2002). Because MacNeal did not have standing to appeal the final disposition of the adversary proceeding, the order that imposed a sanction was immediately appealable and we have jurisdiction to review that judgment.

*C. The Sanction Is Not An Abuse of Discretion.*

MacNeal and his counsel argue that the settlement agreement between Equinamics and the bankruptcy trustee waived the sanction, but this argument fails. The settlement agreement stated that Equinamics purchased MacNeal's claims to settle "all claims referenced below," which were pre-petition issues that

11

could have been brought against Equinamics. Use of the language "all claims" did not apply to the post-petition motion for sanctions and did not preclude the sanction by the bankruptcy court.

MacNeal and his counsel also complain that the district court should have reversed the sanction because they did not receive "proper due process," but we disagree. A party receives due process if the court holds a hearing "at which both sides are entitled to present arguments as to the propriety and the type of sanctions to be awarded." Pesaplastic, C.A. v. Cincinnati Milacron Co., 799 F.2d 1510, 1522 (11th Cir. 1986). We have held that the "adequacy of notice and hearing . . . turns, to a considerable extent, on the knowledge which the circumstances show [the] party . . . [knows about] the consequences of his own conduct." Carlucci v. Piper Aircraft Corp., Inc., 775 F.2d 1440, 1452 (11th Cir. 1985). MacNeal and his counsel were aware of the basis for sanction and were afforded a hearing. Although he was given the opportunity to object to the sanction, MacNeal and his counsel declined to do so. The bankruptcy court did not clearly err by finding that MacNeal and his counsel were served with notice and failed to appear without good cause. The bankruptcy court did not abuse its discretion when it awarded the sanction.

## IV. CONCLUSION

We **AFFIRM** the order of the district court that dismissed as moot MacNeal's appeal about the exemption of his claims, and we **AFFIRM** the order of the bankruptcy court that imposed sanctions against MacNeal and his counsel.

**AFFIRMED.**