[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 09-16086
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
AUGUST 6, 2010
JOHN LEY
CLERK

D. C. Docket No. 07-14277-CV-JEM

DARRYL MAURICE YOUNG,

                                                                    Plaintiff-Appellant,

versus

RIOS,
Classification Officer,
STEELE,
Sergeant,

                                                                    Defendants-Appellees,

RIDLEY,
Lieutenant,

                                                                    Defendant.

_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(August 6, 2010)

Before DUBINA, Chief Judge, BARKETT and ANDERSON, Circuit Judges.

PER CURIAM:

Appellant Darryl Maurice Young, a Florida state prisoner, appeals *pro se*
from the district court's grant of summary judgment in favor of former
Correctional Probation Officer Nelson Rios on Young's 42 U.S.C. § 1983 claims.
Young's complaint alleges that Rios mishandled one of Young's disciplinary
hearings and, as a result, Young served thirty-three days in administrative
confinement and fifteen days in disciplinary confinement. On appeal, Young
asserts that Rios was not entitled to qualified immunity on Young's due process
claim because, under *Wolff v. McDonnell*, 418 U.S. 539, 94 S. Ct. 2963, 41 L. Ed.
2d 935 (1974), the violation of prison regulations governing the handling of
disciplinary hearings amounted to a violation of due process. Young also argues
that the district court, in granting summary judgment, committed the following
procedural errors: (1) making a credibility determination in favor of Rios; (2)
declining to rule on the merits of Young's malicious prosecution claim; and (3)

2

neglecting to address Young's request for a declaratory judgment.[1]

We review *de novo* a district court's grant of summary judgment based on qualified immunity. *Coffin v. Brandau*, 597 F.3d 1205, 1210–11 (11th Cir. 2010). A district court should render summary judgment if "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c)(2). In assessing the parties' proffers under the rule, we view the evidence in the light most favorable to the nonmoving party. *Coffin*, 597 F.3d at 1211. Generally, judicial credibility determinations are not proper at the summary judgment stage of the proceedings. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255, 106 S. Ct. 2505, 2513 (1986). We may affirm the district court's decision on any adequate ground corroborated by the record, even if the district court took a different path below. *Parks v. City of Warner Robins, Ga.*, 43 F.3d 609, 613 (11th Cir. 1995).

"Qualified immunity shields government officials who perform discretionary governmental functions from civil liability so long as their conduct does not violate any clearly established statutory or constitutional rights of which a reasonable

---

[1] We requested the parties to brief the issue of our jurisdiction over this appeal. After receiving the parties' responses, and upon further consideration, we conclude that we have jurisdiction. *See Robinson v. Tanner*, 798 F.2d 1378, 1382–83, 1385 (11th Cir. 1986) (holding that a premature Notice of Appeal may be cured by a subsequent judgment).

3

person would have known." *Rehberg v. Paulk*, 598 F.3d 1268, 1277 (11th Cir. 2010) (internal quotation marks omitted). "A government agent is entitled to immunity unless his act is so obviously wrong, in the light of pre-existing law, that only a plainly incompetent officer or one who was knowingly violating the law would have done such a thing." *Id.* (internal quotation marks omitted).

On appeal, Young does not dispute that Rios was acting within the scope of his discretionary authority. Instead, he claims that Rios violated his clearly established right to due process. To evaluate that claim, we consider "whether (1) the plaintiff has alleged a violation of a constitutional right; and (2) whether the right was 'clearly established' at the time of the defendant's misconduct." *Id*. "This two-pronged analysis may be done in whatever order is deemed most appropriate for the case." *Id.*

"In this circuit, the law can be 'clearly established' for qualified immunity purposes only by decisions of the U.S. Supreme Court, Eleventh Circuit Court of Appeals, or the highest court of the state where the case arose." *Jenkins by Hall v. Talladega City Bd. of Educ.*, 115 F.3d 821, 826 n.4 (11th Cir. 1997). Moreover, "[i]n rare circumstances, a right may be so clear from the text of the Constitution or federal statute that no prior decision is necessary to give clear notice of it to an official." *Evans v. Stephens*, 407 F.3d 1272, 1282 (11th Cir. 2005) (internal

4

quotation marks omitted).

As to due process, under *Wolff*, a prisoner facing a disciplinary hearing that may result in the loss of a liberty interest must receive: "(1) advance written notice of the disciplinary charges; (2) an opportunity, when consistent with institutional safety and correctional goals, to call witnesses and to present documentary evidence in his defense; and (3) a written statement by the factfinder of the evidence relied on and the reasons for the disciplinary action." *Superintendent, Mass. Corr. Inst., Walpole v. Hill*, 472 U.S. 445, 454, 105 S. Ct. 2768, 2773 (1985) (citing *Wolff*, 418 U.S. at 563–67, 94 S. Ct. at 2978–80). Later, in *Sandin v. Connor*, 515 U.S. 472, 115 S. Ct. 2293 (1995), the Supreme Court held that the defendant-inmate's discipline in segregated confinement, in that case, "did not present the type of atypical, significant deprivation in which a State might conceivably create a liberty interest" in part because the disciplinary segregation at issue "mirrored those conditions imposed upon inmates in administrative segregation and protective custody." *Id.* at 486, 115 S. Ct. at 2301.

Upon consideration of the record on appeal, and after review of the parties' briefs, we hold that Young's challenges lack merit. First, the district court did not err in granting Rios qualified immunity on Young's due process claim because, even if we presume without deciding that Young's segregation created a protected

5

liberty interest, we cannot say that he was denied the procedural due process protections that he was entitled to pursuant to *Wolff*.

Second, the district court did not commit any reversible procedural error. The district court did not make an improper credibility assessment when ruling on the motion for summary judgment, but, instead, determined that even if Young's allegations were true, they did not establish that he was deprived of due process. Additionally, the district court addressed Young's malicious prosecution claim in an earlier order directing that Young could proceed only on his due process claim. Young has not challenged that order. As a result, there was no reason for the district court to discuss Young's malicious prosecution claim in its summary judgment order because, as Young acknowledges, it is distinct from his due process claim. Finally, assuming *arguendo* that the district court erred by failing to specifically rule on Young's request for declaratory relief, Young did not suffer any prejudice because he was not entitled to relief on his due process claim. Accordingly, we affirm the district court's grant of summary judgment in favor of Rios on Young's due process claim.

**AFFIRMED.**