[DO NOT PUBLISH]

# In the
# United States Court of Appeals
## For the Eleventh Circuit

_____

No. 23-11283

Non-Argument Calendar

_____

DEVANTE ORR,

                                        Plaintiff-Appellant,

*versus*

TEMPLE BETH-EL,

                                        Defendant-Appellee.

_____

Appeal from the United States District Court
for the Northern District of Alabama
D.C. Docket No. 2:23-cv-00442-AMM

_____

Before ROSENBAUM, GRANT, and BRASHER, Circuit Judges.

PER CURIAM:

This appeal is DISMISSED, *sua sponte*, for lack of jurisdiction. According to his notice of appeal, Devante Orr appeals from the district court's "discovery" order entered on April 14, 2023. The district court did not issue any orders on that day. Before Orr filed his notice of appeal, the district court issued only three orders, which set a briefing schedule on the defendant's motion to dismiss, notified the parties of their duties under Federal Rule of Civil Procedure 26, and required the parties to elect whether to consent to a magistrate judge exercising dispositive jurisdiction. To the extent that Orr intended to appeal any of those orders, none of them are final or immediately appealable.

First, those orders are not final because they did not end the litigation on the merits. *See* 28 U.S.C. § 1291; *Acheron Cap., Ltd. v. Mukamal*, 22 F.4th 979, 986 (11th Cir. 2022) (stating that a final order ends litigation on the merits and leaves nothing for the court to do but execute its judgment). Second, there is no indication that delaying review of those orders "would imperil a substantial public interest or some particular value of a high order" such that they are appealable under the collateral order doctrine. *See Mohawk Indus., Inc. v. Carpenter*, 558 U.S. 100, 107 (2009). Third, those orders did not dispose of any claims or parties, so they could not have been certified under Federal Rule of Civil Procedure 54(b). Fed. R. Civ. P. 54(b); *Supreme Fuels Trading FZE v. Sargeant*, 689 F.3d 1244, 1246

(11th Cir. 2012) (noting that an order that disposes of fewer than all claims against all parties to an action is not immediately appealable absent certification pursuant to Rule 54(b)).  Further, a final order from the district court ending the litigation on the merits would not cure the premature notice of appeal.  *See Robinson v. Tanner*, 798 F.2d 1378, 1383-85 (11th Cir. 1986) (explaining that a subsequent final judgment does not cure a premature notice of appeal filed from an order that is not immediately appealable).

All pending motions are denied as moot.  No petition for rehearing may be filed unless it complies with the timing and other requirements of 11th Cir. R. 40-3 and all other applicable rules.