[DO NOT PUBLISH]

In the

# United States Court of Appeals

### For the Eleventh Circuit

_____

No. 24-12674

Non-Argument Calendar

_____

AMERISURE INSURANCE COMPANY,
AMERISURE MUTUAL INSURANCE COMPANY,

Plaintiffs-Counter
Defendant-Appellees,

*versus*

THE AUCHTER COMPANY,

Defendant-Cross Defendant,

ARCH INSURANCE COMPANY,

Defendant-Cross Claimant
Counter Claimant-Cross Defendant,

2                  Opinion of the Court                24-12674

RIVERSIDE AVENUE PARTNERS LTD, et al.,

Defendants,

LANDMARK AMERICAN INSURANCE COMPANY,

Defendant-Cross Defendant-Cross Claimant
Counter Claimant-Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida
D.C. Docket No. 3:16-cv-00407-BJD-LLL

_____

Before JILL PRYOR, BRANCH, and KIDD, Circuit Judges.

PER CURIAM:

Landmark American Insurance Company ("Landmark") appeals from the July 17, 2024, stipulation of voluntary dismissal of TSG Industries Inc. ("TSG") as well as various interlocutory orders, including the November 17, 2022, judgment in which the district court found it liable to plaintiffs Amerisure Insurance Company and Amerisure Mutual Insurance Company (collectively, "Amerisure"). We dismissed for lack of jurisdiction Landmark's previous appeal from the November 17, 2022, judgment because the

claims relating to TSG had not been resolved at that time. *See Amerisure Ins. Co. v. Auchter Co.*, 94 F.4th 1307, 1311-12 (11th Cir. 2024).

Amerisure moves to dismiss this appeal because the district court had not entered a final judgment at the time that Landmark filed the operative August 16, 2024, notice of appeal.[1] Landmark responds that it filed its operative notice from the July 17 stipulation out of an abundance of caution and it does not oppose dismissal of this appeal.

We conclude that we lack jurisdiction over this appeal because the district court had not entered a final judgment at the time that Landmark filed the operative August 16, 2024, notice of appeal. *See* 28 U.S.C. § 1291; *CSX Transp., Inc. v. City of Garden City*, 235 F.3d 1325, 1327 (11th Cir. 2000). Specifically, the claims regarding TSG had not been resolved at that time because the July 17, 2024, stipulation of voluntary dismissal of TSG was ineffective under Federal Rule of Civil Procedure 41(a)(1)(A)(ii). *See Supreme Fuels Trading FZE v. Sargeant*, 689 F.3d 1244, 1246 (11th Cir. 2012). That is because Arch Insurance Company ("Arch"), which had appeared in the action, did not sign the stipulation. *See* Fed. R. Civ. P. 41(a)(1)(A)(ii); *City of Jacksonville v. Jacksonville Hosp. Holdings, L.P.*, 82 F.4th 1031, 1038 (11th Cir. 2023). Although the court dismissed Arch from the action when it granted Arch's Rule 25 motion to substitute Amerisure for it, Arch was still required to sign the stipulation because even parties who have been dismissed from an

---

[1] Amerisure also sought attorney fees and costs but withdrew that request.

action are required to sign a Rule 41(a)(1)(A)(ii) stipulation if they have appeared. *See City of Jacksonville*, 82 F.4th at 1038 ("[A]ll means all.").

It does not matter for purposes of this appeal whether the October 29, 2024, order dismissing TSG was effective under Rule 41(a)(2) or if the December 13 and 16, 2024, order and judgment effectively resolved all pending claims because "[a] premature notice of appeal filed from an interlocutory order that is not immediately appealable is not cured by a subsequent final judgment." *See Robinson v. Tanner*, 798 F.2d 1378, 1385 (11th Cir. 1986).

Accordingly, we GRANT Amerisure's motion to dismiss and DISMISS this appeal for lack of jurisdiction.