**NOT FOR PUBLICATION**

# In the

# United States Court of Appeals

## For the Eleventh Circuit

————————————

No. 25-14545

Non-Argument Calendar

————————————

CYNTHIA SANDERS-BEY,
FARRAND DERMOT CLARKE-EL,

*Plaintiffs-Appellants.*

*versus*

JUDGE,

*Defendant-Appellee.*

————————————

Appeal from the United States District Court
for the Southern District of Florida
D.C. Docket No. 0:25-cv-62319-DSL

————————————

Before ROSENBAUM, JILL PRYOR, and GRANT, Circuit Judges.

PER CURIAM:

Cynthia Sanders-Bey and Farrand Clarke-El appeal from the district court's orders granting the defendant's motion for an

extension of time and denying the appellants' motion to reconsider the extension of time and to disqualify defense counsel.

The appealed orders are not final because they did not end the litigation on the merits. 28 U.S.C. § 1291; *see CSX Transp. Inc. v. City of Garden City*, 235 F.3d 1325, 1327 (11th Cir. 2000) (explaining that a final judgment leaves nothing for the district court to do but execute the judgment). The orders did not even address the merits but instead merely gave the defendant more time to answer the complaint and refused to disqualify defendant's counsel.

The orders are not immediately appealable under the collateral order doctrine because they are effectively reviewable on appeal from a final judgment, as delaying review until then would not imperil a substantial public interest. *Acheron Cap., Ltd. v. Mukamal*, 22 F.4th 979, 989 (11th Cir. 2022) (explaining that, among other requirements, an order must be effectively unreviewable on appeal from a final judgment to be appealable under the collateral order doctrine); *Mohawk Indus., Inc. v. Carpenter*, 558 U.S. 100, 107 (2009); *Firestone Tire & Rubber Co. v. Risjord*, 449 U.S. 368, 378-79 (1981) (holding that a denial of a motion to disqualify counsel is effectively reviewable on appeal after a final judgment). Nor does the district court's subsequent dismissal of the appellants' amended complaint cure their premature appeal. *See Robinson v. Tanner*, 798 F.2d 1378, 1382-83 (11th Cir. 1986) (explaining that a subsequent final judgment cures a premature appeal only when the appeal is from an otherwise final order dismissing a claim or party).

25-14545                Opinion of the Court                3

     Accordingly, this appeal is DISMISSED, sua sponte, for lack of jurisdiction.  All pending motions are DENIED as moot.