**NOT FOR PUBLICATION**

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 25-12932
Non-Argument Calendar
_____

LEONARDO CRESPO,

*Plaintiff-Appellant,*

*versus*

TESLA, INC.,
  a foreign corporation,
TESLA FLORIDA, INC.,
  a Florida corporation,

*Defendants-Appellees.*

_____

Appeal from the United States District Court
for the Southern District of Florida
D.C. Docket No. 9:25-cv-80129-DMM
_____

Before JILL PRYOR, LAGOA, and ABUDU, Circuit Judges.

PER CURIAM:

This appeal is DISMISSED, sua sponte, for lack of jurisdiction. Leonardo Crespo, pro se, appeals from the district court's order denying his motion to enforce the defendants' demand for a jury trial. While this appeal was pending, the district court entered final judgment.

The appealed order is not final because it did not end the ligation on the merits. 28 U.S.C. § 1291; *CSX Transp., Inc. v. City of Garden City*, 235 F.3d 1325, 1327 (11th Cir. 2000) (explaining that a final judgment leaves nothing for the district court to do but execute the judgment). Crespo's amended complaint remained pending when the order was entered. And the order is not otherwise immediately appealable. *See Howard v. Parisian, Inc.*, 807 F.2d 1560, 1566-67 (11th Cir. 1987) (holding that an interlocutory order denying a jury trial in a civil action is not reviewable under the collateral order doctrine). Nor does the subsequent entry of final judgment cure Crespo's premature appeal. *See Robinson v. Tanner*, 798 F.2d 1378, 1382-83 (11th Cir. 1986) (explaining that a subsequent final judgment cures a premature appeal only when the appeal is from an otherwise final order dismissing a claim or party).

All pending motions are DENIED as moot.