In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 25-14179

_____

JEFFREY M.S. HASTINGS,

*Plaintiff-Appellant,*

*versus*

SGT. THOMAS,
  Sergeant,
DS. OWENS,
  Deputy Sheriff,
SHERIFF OF PALM BEACH COUNTY, FLORIDA,
PBSO,

*Defendants-Appellees.*

_____

Appeal from the United States District Court
for the Southern District of Florida
D.C. Docket No. 9:25-cv-80459-RMM

_____

Before GRANT, ABUDU, and KIDD, Circuit Judges.

BY THE COURT:

2                          Order of the Court                    25-14179

Jeffrey Hastings, pro se, appeals from the district court's October 28, 2025 order dismissing his claims against one defendant with prejudice, but allowing his claims against other defendants to proceed. The defendants moved to dismiss Hastings's appeal, asserting that the October 28, 2025 order is not final or otherwise appealable.

While Hastings's appeal was pending, he filed a motion in the district court to voluntarily dismiss his claims against the remaining defendants, pursuant to Federal Rule of Civil Procedure 41(a)(2). On February 2, 2026, the district court entered an order granting Hastings's motion and dismissing the remaining claims. On the same day, it entered a separate final judgment reflecting that all of Hastings's claims had been dismissed.

The October 28, 2025 order was not final when Hastings appealed because it did not end the litigation on the merits, as Hastings's claims against two defendants remained pending. *See* 28 U.S.C. § 1291 (providing that appellate jurisdiction is generally limited to "final decisions of the district courts"); *CSX Transp., Inc. v. City of Garden City*, 235 F.3d 1325, 1327 (11th Cir. 2000) (providing that a final decision ends the litigation on the merits). However, that order dismissed all of Hastings's claims against a particular defendant, such that the prematurity of Hastings's notice of appeal was cured by the district court's subsequent entry of the February 2, 2026 order and final judgment. *See Robinson v. Tanner*, 798 F.2d 1378, 1383-85 (11th Cir. 1986) (providing that a premature notice of appeal filed from an otherwise final order dismissing a claim or

25-14179                Order of the Court                3

party is valid if it is followed by a subsequent final judgment); *Corley v. Long Lewis*, Inc., 965 F.3d 1222, 1227-31 (11th Cir. 2020) (holding that an order granting a motion for voluntary dismissal under Rule 41(a)(2) constitutes a final judgment).  Thus, we have jurisdiction over Hastings's appeal.  *See* 28 U.S.C. § 1291; *Robinson*, 798 F.2d at 1383.

Accordingly, the defendants' motion to dismiss the appeal is DENIED.